STATE OF NEBRASKA, APPELLEE, v. JOSEPH COTTONE, APPELLANT.

195 N. W. 2d 196

Filed March 3, 1972. No. 38233.

Eugene T. Atkinson of Atkinson & Kelly, for appellant.

Clarence A. H. Meyer, Attorney General, Warren D. Lichty, Jr., and Randall E. Sims, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is a criminal case, where the defendant pled guilty to the amended information which charged him with arson in the fourth degree. The court sentenced the defendant to a term of 18 months to the Division of Corrections of the Department of Public Institutions of the State of Nebraska. The defendant appeals contending that the sentence was excessive. We affirm the judgment and sentence of the district court.

As the defendant himself concedes, the district court in this case gave extremely careful and conscientious attention to the requirements of the law in receiving the guilty plea and in according the defendant a full presentation of his contention with reference to the matter of the amount of the sentence. The bill of exceptions of the testimony in this case stretches to 56 pages and reveals a detailed examination by counsel and by the court itself in all of the pertinent circumstances necessary for the court to make its determination.

The only contention that is argued in the defendant's brief is to the effect that the 82nd Nebraska Legislature enacted L.B. 680, effective August 27, 1971, which generally accomplished some major changes in the probation system of the State of Nebraska. He argues that it was the intent of the Legislature to give much more "effect" to the system of probation rather than to the system of incarceration. Assuming this to be true, the defendant fails to point out where this principle has any application to the particular facts and circumstances of his case. The statute contended for, L.B. 680, was not in effect at the time of the sentencing in this case on June 24, 1971. We also observe that section 29-2260(3), R. S. Supp., 1971, section 15 of the act, specifically states the grounds of probation that are listed therein are not controlling of the discretion of the court. Although not argued by the defendant, we briefly review the discretion of the trial court. The court had before it a presentence investigation report, the defendant's current work

situation, social adjustment, past work record, and his previous record of having been in detention in the Boys' Training School at Kearney. Considering the nature of the crime involved, and the danger to the public and the consideration of protection to society, we can find nothing that would indicate in the least an abuse of discretion by the trial court in imposing the sentence that it did after an exhaustive and conscientious determination and deliberation of all of the facts involved. State v. Steinhausen, 180 Neb. 778, 145 N. W. 2d 584; State v. Hylton, 175 Neb. 828, 124 N. W. 2d 230.

The judgment of the district court is correct and is affirmed.

AFFIRMED.