STATE OF NEBRASKA, APPELLEE, v. DANIEL DOVEL, APPELLANT.

201 N. W. 2d 820

Filed November 3, 1972. No. 38506.

T. Clement Gaughan and Paul M. Conley, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

Defendant was charged with feloniously receiving stolen property over the value of $100, knowing the some to have been stolen, and with the intent of fraudulently depriving the owner thereof. He was convicted by a jury of the charge and sentenced to a term of 1 year in the Nebraska Penal and Correctional Complex. The statutory penalty for the offense is not more than 7 nor less than 1 year. § 28-508, R. R. S. 1943.

The error assigned on this appeal is that the trial court abused its discretion in imposing such sentence. It is urged that probation would be appropriate because the defendant is only 20 years of age and this is his first felony conviction.

We are cited State v. Shonkwiler, 187 Neb. 747, 194 N. W. 2d 172; Standard 2.3(c), A B A Standards Relating to Sentencing Alternatives and Procedures, Approved Draft, 1968; and section 7.01 of the Model Penal Code, which indicate that probation may be appropriate in offenses of this type. We might also be cited Standard 1.3, A B A Standards Relating to Probation, Approved Draft, 1970, which our Legislature has codified with changes. § 29-2260, R. S. Supp., 1972. This statutory enactment is, of course, recognition that sentences which do not involve imprisonment are more likely to be effective in many cases than imprisonment and that the sentence of probation represents a great deal less in public expenditures. See Standard 2.3(e), A B A Standards Relating to Sentencing Alternatives and Procedures, Approved Draft, 1968.

The difficulty with the position of the defendant in this case is that prolonged and repeated probation for a series of offenses has been tried and failed in his case. This is technically the defendant's first conviction of a felony because the previous offenses, joyriding, burglary, larceny, and auto theft, were treated as juvenile offenses under Chapter 43, article 2, R. R. S. 1943. The trial court with its more personal knowledge of the de-

fendant is in a better position to judge the likelihood of the effectiveness of another try at probation than is this court. We are unable to say that the trial court abused its discretion. State v. Cottone, 188 Neb. 102, 195 N. W. 2d 196.

AFFIRMED.