STATE OF NEBRASKA, APPELLEE, v. LADEAN BRAUNER, APPELLANT.

223 N. W. 2d 152

Filed November 14, 1974. No. 39475.

Moyer & Moyer by George H. Moyer, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant prosecutes this appeal from a conviction for assault with menacing threat. The complaint charged defendant with unlawfully assaulting and threatening Daniel Inselman, a 14-year-old boy, in a menacing manner by pointing a loaded shotgun at him and ordering him to run and thereafter firing a shot from the gun.

Defendant argues five assignments of error: (1) Failure to instruct the jury on specific intent; (2) refusal to sustain defendant's motion to dismiss because there was no evidence that the shotgun was loaded; (3) prejudicial remarks made by the prosecutor within the hearing of the jury; (4) insufficient foundation to permit the local sheriff to testify as to the reputation of defendant; and (5) permitting the State to ask defendant's character witness about a specific act. We affirm.

Defendant's farm lies on a ridge on the northwest corner of the section and from it he can look down into the valley which comprises most of the west half of the section south of his farm. The Inselman farm adjoins his on the south. He testified that when he was planting corn on his farm he observed a white tractor on the Inselman land proceeding in an easterly direction on a field driveway bordering a creek in the south central portion of the farm. He had never seen the tractor before and could not see the driver of it. Some of his cattle had strayed east of his south and east line, and were grazing on a strip of ground which formed a turnrow at the east end of the Inselman farm. The tractor turned north at the east line of the Inselman farm and drove north into the cattle, chasing them toward the north.

Defendant went to his house, got a 12-gauge shotgun, and drove his car down to the pasture. He found the tractor headed south and parked his car straight north of the tractor. He took the shotgun with him when he got out of the car. The shotgun was loaded but the shells were not chambered. It was not until the driver stepped

out from the loader frame that he recognized the driver as Daniel Inselman.

Defendant asked the boy why he was chasing the cattle. Daniel replied that he did not chase any cattle. Defendant called him a liar and told him to "git." The boy was already moving away from him when defendant told him to "git." During the entire conversation defendant was holding the gun by the handgrip with the barrel pointed in the air. Daniel testified the defendant pointed the gun at him, told him to "git," and he started to run in a southerly direction. Defendant admitted after the boy had started running he chambered a round and pulled the trigger.

Defendant was charged under section 28-411, R. S. Supp., 1972, which provides: "* * * whoever unlawfully assaults or threatens another in a menacing manner, or unlawfully strikes or wounds another shall, upon conviction thereof, be fined in any sum not exceeding five hundred dollars or be imprisoned in the jail of the county not exceeding six months, and shall, moreover, be liable to the suit of the party injured."

Defendant's first assignment of error is that the trial judge failed to give an instruction on criminal intent. In a prosecution for an assault by threatening another in a menacing manner, the State is not required as an element of the crime to prove specific intent. There was sufficient evidence to permit the jury to conclude that defendant unlawfully assaulted the 14-year-old boy with a menacing threat. While his intent, on the facts herein, was probably obvious, it is immaterial.

Defendant argues that the State's theory of the case was that he intentionally pointed a loaded gun at Daniel Inselman, therefore the State had the burden to prove that defendant intentionally pointed the gun and that the gun was loaded when he pointed it. The assignment borders on the frivolous. Daniel testified that the gun was pointed at him but he did not testify that it was loaded. It was the defendant's testimony that there was

a shell in the magazine which was not chambered until the gun was fired in the air after the boy started to run. In State v. McGhee (1969), 184 Neb. 352, 167 N. W. 2d 765, we said: "The pointing of an unloaded weapon at another is an assault, if the person aimed at does not know but that it is loaded, and has no reason to believe that it is not. While the statement to that effect in Ford v. State, 71 Neb. 246, 98 N. W. 807, 115 Am. S. R. 591, was not necessary to the decision in that case, we think that it is a correct statement of the law."

Defendant's next contention is that the prosecuting attorney, during the course of the trial, made certain statements within the hearing of the jury which were misleading and prejudicial. We have examined the record in detail and observe that some of the comments were proper replies to defendant's objections. With reference to the others, they contain nothing which would tend to create prejudice or excite the passions of the jury, nor were they in any way misleading or prejudicial.

Defendant's fourth assignment of error is that the sheriff, who was called in rebuttal by the prosecuting attorney, should not have been allowed to testify as to the defendant's reputation in the community for the use of threats and violence over the defense objection that an insufficient foundation had been laid for the opinion of the sheriff. The sheriff testified that he had lived all his life in Platte county; that he had personally known the defendant for more than 10 years; and that he had obtained a familiarity with the character of the defendant from reports which had come to his office and from personal discussion with people who had problems with him, as well as from his own personal knowledge. All this information was elicited during voir dire conducted by defense counsel before the sheriff was permitted to express an opinion. At the conclusion of the voir dire by defense counsel, the sheriff was asked if he was familiar with the defendant's reputation in the community for use of threats and violence. He answered in the af-

firmative. After defense counsel's objection was overruled, the sheriff testified that the defendant had a reputation for the use of threats and violence in the community. The record would indicate that the testimony elicited both on direct and during voir dire clearly established the fact that the sheriff was familiar with the defendant's general reputation as perceived by the community, and that his testimony as to his opinion was based upon a proper foundation.

Defendant's next assignment of error complains that one of his witnesses was permitted to testify over objection about a specific act involving the defendant which occurred prior to the incident on which this charge was based. When called by the defense the witness was asked if during the period of time he lived in the Creston and Leigh communities he had been aware of or familiar with the reputation of the defendant for the use of threats or violence. He answered: "No. Well yes, at times there have been comments to that effect, yes." The defense requested a short recess after which the witness was again asked if he was familiar with the defendant's reputation to which he answered "Yes." On cross-examination the witness was asked to explain his original answer. After several objections and some confusion, the witness answered: "The extent of that particular story has been that Mr. Brauner has not allowed his in-laws to see their grandchild. Again, that is—I don't know if it's true or not, I haven't heard anything." Considering the fact that the witness gave a response to the question asked on direct examination prior to the recess inconsistent with the response given to the same question after the recess, we find no error in the ruling of the trial court. The extent of the cross-examination of a witness must be left to the discretion of the trial court. State v. Newte (1972), 188 Neb. 412, 197 N. W. 2d 403. There was no abuse of discretion herein. The answer elicited was well within the permissible limits of cross-examination.

For the reasons stated, we find there is no merit to any of the defendant's assignments of error. The judgment is affirmed.

AFFIRMED.