STATE OF NEBRASKA, APPELLEE, v. CONROY F. FRANS, APPELLANT.

223 N. W. 2d 490

Filed November 27, 1974. No. 39559.

Charles F. Fitzke and James T. Hansen, for appellant.

Clarence A. H. Meyer, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

The defendant, Conroy F. Frans, pleaded guilty to third-offense drunken driving. He was sentenced to imprisonment for 1 year and revocation of his driver's license.

The sole contention on appeal is that the sentence is excessive and that the defendant should have been placed on probation.

The penalty for third or subsequent offense drunken driving is not less than 1 year nor more than 3 years imprisonment and license revocation. See § 39-669.07 (3), R. R. S. 1943. The sentence here is the statutory minimum, in the absence of probation.

A number of witnesses testified on behalf of the defendant at hearings as to the sentence. That testimony indicated that the 62-year-old defendant was in poor health, had joined Alcoholics Anonymous, and had apparently quit drinking. Most of the witnesses indicated their belief that he was a fit subject for probation.

The presentence investigation report shows that the defendant had been convicted of drunken driving on eight occasions over a period of years dating from 1938. The third-offense drunken driving conviction for which he was sentenced here was his third third-offense conviction. In 1959, he had been placed on 3 years probation. In 1964, he had been placed on 3 years probation, and in 1971, he had been convicted of drunken driving and received a $25 fine. The record of the defendant speaks far more clearly than all the witnesses on his behalf.

In many cases a sentence of probation is more likely to be effective than is a sentence of imprisonment, but where repeated probation has been tried and failed, the trial court is ordinarily in a better position to weigh the probable effectiveness of one more chance for probation than is this court. This court will not overturn an order of the trial court which denies probation unless there has been an abuse of discretion. State v. Dovel, 189 Neb. 173, 201 N. W. 2d 820. We cannot say that the trial court abused its discretion here.

AFFIRMED.