STATE OF NEBRASKA, APPELLEE, v. MARK S. HOLZAPFEL, APPELLANT.

223 N. W. 2d 670

Filed December 5, 1974. No. 39573.

Ernest H. Addison and J. Bruce Teichman, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

On a plea of nolo contendere, the District Court sen-

tenced the defendant to a period of 1 year in the Nebraska Penal and Correctional Complex on a reduced charge of possession of a controlled substance. The defendant appeals, asserting that the District Court abused its discretion in not granting probation and improper use and application of the presentence investigation in imposing the sentence that it did. We affirm the judgment and sentence of the District Court.

We have recently held that the action of a trial court in denying probation and imposing a sentence in a criminal prosecution will not be disturbed on appeal unless the record shows an abuse of discretion. State v. Cottone, 188 Neb. 102, 195 N. W. 2d 196. The defendant was initially charged with the more serious offense of possession with intent to deliver a controlled substance. This charge was amended to allege mere unlawful possession, to which the defendant pled nolo contendere. The court ordered, and had available for consideration, an extensive presentence investigation report of some 100 pages at the time of the imposition of sentence. This presentence investigation report covers, in comprehensive detail, the defendant's age, his social, family, educational, work, and personal background. It also recites with considerable detail the history and involvement of the defendant in the drug traffic. It reveals that the defendant, prior to the commission of this offense, had been grossly involved in drug trafficking. We summarize in conclusionary form the extensive information recited in the report. It is abundantly clear that the defendant had been closely associated with a number of people in a large-scaled drug marketing operation and that the defendant personally was a hard drug user. The defendant admitted to having made frequent commercial air line flights to California for the purpose of receiving drug deliveries for subsequent distribution in Lincoln and Omaha, Nebraska. In mitigation of this situation the defendant contended to the probation officer that he was merely acting as an agent for an acquaintance of his and

that he did not personally take part in the subsequent distribution and sale of the narcotics. There is in the presentence report persuasive evidence to the contrary of this contention. However that may be, the defendant by his own admission, was involved far beyond mere possession of one-half gram of cocaine as charged in the amended information. It reveals a continuous and consecutive commission of more serious offenses directly related to the offense to which he pled nolo contendere, continuing over a considerable period of time. Considering the designed purpose of the statute to prohibit the trafficking in controlled substances and their possession and use thereof, and the comparative propriety of probation for this particular type of offense, we can find no abuse of discretion on the part of the District Court in imposing the minimum sentence on a reduced charge as it did.

We also point out that in this particular case the trial court afforded the defendant and his counsel an opportunity to examine the presentence investigation report and to provide additional information for the court's consideration. The transcript of the presentence hearing discloses that defense counsel had an opportunity to study the presentence report and that no additional information was tendered, nor was any question raised as to the accuracy of the facts related in the report.

Faced with this situation the defendant further contends that the court, in considering the presentence investigation report, took into consideration facts, "which would not have been admissible in a trial on the charge of possession." He contends that it is an abuse of discretion to utilize facts of an evidentiary nature to aid in sentencing on a plea of nolo contendere. He further contends, in substance, that it was an abuse of discretion for the court to consider the defendant's history with reference to trafficking in drugs when the only issue presented under the information was the mere possession of one-half gram of cocaine by the defendant. These

contentions in a similar form have been presented to this court before and have been rejected. A complete answer to the defendant's contention is found in our holding in State v. Minor, 188 Neb. 23, 195 N. W. 2d 155. That case was also a controlled substance case. Every facet of the defendant's argument is disposed by this court in State v. Minor, *supra,* as follows: "In State v. Rose, 183 Neb. 809, 164 N. W. 2d 646, we said: 'It is a long accepted practice in this state that before sentencing a defendant after conviction a trial judge has a broad discretion in the source and type of evidence he may use to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by statute. Highly relevant, if not essential, to his determination of an appropriate sentence is the gaining of knowledge concerning defendant's life, character, and previous conduct. In gaining this information, the trial court may consider reports of probation officers, *police reports, affidavits,* and *other information including his own observation of the defendant. A presentence investigation has nothing to do with the issue of guilt.* The rules governing due process with respect to the admissibility of evidence *are not the same in a presentence hearing as in a trial in which guilt or innocence is the issue.* The latitude allowed a sentencing judge at a presentence hearing to determine the nature and length of punishment, other than in recidivist cases, is almost without limitation as long as it is relevant to the issue.'

"Due process is not violated by the Nebraska procedure. This is definitely a universal practice, as evidenced by the following from Williams v. New York, 337 U. S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949): '* * * both before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed

by law. * * * A sentencing judge * * * is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant — if not essential — to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge may *not be denied* an opportunity to obtain *pertinent information by* a requirement of *rigid adherence to restrictive rules of evidence* properly applicable to the trial.' " (Emphasis supplied.)

In conclusion we hold that there was no abuse of discretion by the District Court in imposing the sentence that it did as an alternative to probation, and that there was no error in the trial court's sentencing procedure in ordering, receiving, considering, and using the information supplied in the presentence investigation report. In fact, the record in this case is a model of compliance with the requirements and the purposes of a presentence investigation and sentencing procedure contemplated by section 29-2261, R. S. Supp., 1972, concerning presentence investigations and their applications to sentencing procedure.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.