STATE OF NEBRASKA, APPELLEE, v. BILLY J. ROBERTS, APPELLANT.

227 N. W. 2d 577

Filed March 27, 1975. No. 39584.

Zweiback & Laughlin and Robert F. Peterson, for appellant.

Clarence A. H. Meyer, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is an appeal from a conviction of the appellant for possession of a controlled substance, cocaine. The District Court sentenced the appellant to 1 year in the Nebraska Penal and Correctional Complex. The appellant appeals from this judgment. We affirm the judgment and sentence of the District Court.

This case arises out of the same circumstances as State v. Holzapfel, 192 Neb. 672, 223 N. W. 2d 670. The appellant, Billy J. Roberts, was originally charged with possession of a controlled substance with intent to deliver. As a result of plea bargaining the charge was reduced to simple possession in return for a nolo contendere plea. The appellant was arrested with another person, Holzapfel. After obtaining a search warrant, the police found cocaine and other controlled substances in the appellant's residence. The appellant has no prior record. No objection was made about the validity of the warrant or the conduct of the trial.

The only issue presented is whether the District Court abused its discretion in sentencing the appellant to 1 year in the Nebraska Penal and Correctional Complex rather than placing him on probation.

We said in State v. Holzapfel, *supra,* that the action by the District Court in denying probation and imposing a sentence to confinement will not be disturbed on appeal unless an abuse of discretion can be found in the record. Prior to sentencing, a lengthy presentence in-

vestigation was made. The report clearly shows that the appellant was involved in a large scale drug marketing operation. There is no doubt that the appellant was dealing in drugs in order to make a profit. As we said in State v. Holzapfel, *supra*: "Considering the designed purpose of the statute to prohibit the trafficking of controlled substances and their possession and use thereof, and the comparative propriety of probation for this particular type of offense, we can find no abuse of discretion on the part of the District Court in imposing the minimum sentence on a reduced charge as it did." This statement also applies here. Consequently, we can find no abuse of discretion.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.