STATE OF NEBRASKA, APPELLEE, v. JAMES A. HUSKEY, APPELLANT.

231 N. W. 2d 513

Filed July 24, 1975. No. 39808.

Richard L. Kuhlman, for appellant.

Paul L. Douglas, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

In this case the defendant was sentenced by the District Court to an indeterminate term of 3 to 10 years in the Nebraska Penal and Correctional Complex for the crime of burglary. He contends, on appeal, that the sentence was excessive and that he should have been granted probation. We affirm the judgment and sentence of the District Court.

On June 6, 1974, the defendant entered a plea of guilty to the charge of burglary. § 28-532, R. R. S. 1943. The sentencing was deferred pending a presentence investigation and the defendant was freed on $1,000 bond. On September 13, 1974, after considering the presentence investigation, the court imposed the sentence heretofore recited.

We consider the contention as to excessiveness of the sentence and the failure to grant probation together. A sentence within the statutory limits will not be disturbed on appeal unless there appears to be an abuse of discretion and the action of a trial court in denying probation and imposing a sentence will not be disturbed unless there likewise appears an abuse of discretion. State v. Atwater, 193 Neb. 669, 228 N. W. 2d 876; State v. Holzapfel, 192 Neb. 672, 223 N. W. 2d 670.

We deem it unnecessary to repeat all the facts revealed in the presentence investigation report that was before the court before and at the time it sentenced the defendant. Suffice it to say that in 1966, the defendant was convicted of driving while intoxicated. That same year he was convicted of auto theft under the Dyer Act and was sentenced to 5 years in a federal penitentiary. After serving 2 years, he was paroled but violated this parole by leaving the jurisdiction against the direct order of his parole officer. The defendant was subsequently arrested in 1970 on a capias for his parole violation and was returned to prison until his release in 1972. In light of these facts, undenied in the record, it is obvious that there was no abuse of discretion by the Dis-

trict Court in imposing the sentence that it did and in its refusal to grant probation.

The defendant also claims that his constitutional rights were violated in the presentence hearing by allowing the presentence investigation to be considered by the judge in handing down his sentence. The defendant does not claim that any information in that report was false or that he or his attorney was denied an opportunity to examine the report and file objections. The contention that the court could not consider the presentence investigation was answered in an extensive discussion in State v. Holzapfel, *supra,* a case in which we affirmed a rule of long standing as to the validity of sentencing judges' power to have and consider a presentence investigation and report. There is no merit to this contention.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.