STATE OF NEBRASKA, APPELLEE, v. JEFFREY E. MACHMULLER, APPELLANT.
STATE OF NEBRASKA, APPELLEE, v. BRIAN T. MACHMULLER, APPELLANT.
246 N. W. 2d 69

Filed October 13, 1976. Nos. 40615, 40616.

Kirby, Duggan & McConnell, for appellants.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

By stipulation of parties, the above two cases were consolidated for briefing and argument on appeal. Jeffrey E. Machmuller, age 24, and Brian T. Machmuller, age 19, are brothers, residing in Norfolk, Nebraska. They appeal to this court from the respective sentences imposed upon them by the District Court for Madison County, their sole assignment of error being that the sentences were excessive. We affirm.

Jeffrey was originally charged with: (1) Possession of a controlled substance with intent to deliver, (2) assaulting and resisting an officer, and (3) larceny from an automobile. Brian was originally charged with: (1) Possession of a controlled substance with intent to deliver, (2) delivering a controlled substance, and (3) assaulting and resisting an officer. As a result of plea bargaining, each defendant subsequently pled guilty to the felony charge of possession of more than 1 pound of marijuana under section 28-4,125(5), R. R. S. 1943, and to the misdemeanor charge of resisting and abusing an officer under section 28-729, R. R. S. 1943. Based upon their respective pleas of guilty, the court sentenced each defendant to 1 year in the Nebraska Penal and Correctional Complex on the felony count, and to 3 months in the county jail on the misdemeanor count, to be served concurrently.

It appears that in September 1975, Jeffrey and Brian, while driving down a country road, noticed some marijuana growing in a field, and picked a quantity of it, which they took to their home in Norfolk and hung in their basement to dry. The amount of the marijuana involved was approximately 6 pounds. The brothers dried the marijuana using a space heater, stripped it, pressed it using a box-type press, and packaged it in plastic bags.

The record also reflects on September 5, 1975, two Nebraska state troopers, named Fosmer and Brown, who were acting as undercover agents for the Nebraska Safety Patrol, picked up a hitchhiker by the name of Tracy Baker and solicited his assistance in purchasing some marijuana. After some apparently unsuccessful efforts, Baker ultimately took them to Jeffrey's and Brian's home in Norfolk. At about that time, Jeffrey, who had made preparations to take a trip out of the city, returned to the house to pick up his dog which he had inadvertently left behind. As he left the house he noticed Baker and the two undercover agents approaching from the car. Becoming suspicious, Jeffrey looked in the glove compartment of the car and discovered a police radio, a police gun, and a policeman's badge. He left those items in Fosmer's and Brown's car, proceeded to a bar, and called his brother on the telephone, informing him that the people he was dealing with were police officers; and informed Brian that he should attempt to get back the marijuana he had sold to the police officers. At the time of the phone call the two officers, and others, were sitting in the house smoking marijuana. Brian endeavored to recover the marijuana from the officers, but was unable to do so; and a few minutes later informed Jeffrey to that effect when Jeffrey called back on the telephone. Shortly thereafter, Fosmer and Brown attempted to leave the house with the marijuana they had purchased, but at that point Brian grabbed a shotgun out of the

gun rack, which he later claimed was empty and un-
loaded, and demanded that the marijuana be returned
to him. The other individuals in the house immediately
ran out the back door and met Jeffrey, who was re-
turning, and informed him that there was gun play
going on in the house. Jeffrey then ran to the offi-
cers' automobile, removed the gun and badge, and en-
tered the house with the items in his hands. He noticed
Brian holding a shotgun and ordered Brian to put the
gun away, which Brian did. There is a dispute in the
record as to whether the gun held by Jeffrey was
loaded or not, Jeffrey claiming that it was not, but
Officer Fosmer testifying that it was. There is also
evidence in the record that at the time Brian pointed
the shotgun at the officers, he operated the loading
mechanism and the officers heard the customary click-
ing noises, indicating that the gun was being activated.
Officer Brown then grabbed Brian, put his pistol in
Brian's ear and threatened to shoot him if Jeffrey did
not put down his gun. Jeffrey proceeded to comply,
and the two brothers were then placed under arrest
and taken to jail, following which criminal charges
were filed against them as previously recited.

In support of his claim that the sentences imposed
upon the brothers were excessive, their counsel argues
that Jeffrey and Brian had not been involved in any
criminal activity prior to this incident, and had no prior
record of arrests or convictions other than minor traffic
offenses. In his brief, counsel states: "Though the pos-
sibility of serious harm was possibly threatened, in fact
no serious harm was caused. In reality nobody was
threatened. Brian's shotgun was empty at all times.
The police officer's gun that Jeff had was loaded *but if
the Officers had followed their own procedure of locking
the car the incident with the loaded gun could and
would have never happened.*" (Emphasis supplied.)
This effort to shift the blame for what occurred to the

police officers by introducing an argument based upon proximate cause does not impress us.

Counsel for Jeffrey and Brian also argue that under the provisions of section 29-2260, R. R. S. 1943, which contains specific provisions designed to aid the court in determining whether or not a sentence of imprisonment should be withheld and probation granted, there are a great many factors there enumerated which are present in the instant case and which would tend to indicate the desirability of withholding a sentence of imprisonment. In imposing sentence upon the defendants, the trial court considered and specifically referred to each of the items listed in the foregoing statute, and readily admitted that there were many elements favoring the argument advanced by the defendants. In the exercise of his discretion, the trial judge apparently concluded that there were more elements pointing the other way. Particularly, the court noted that while the crime involved did not cause serious harm under the foregoing statute, it did "threaten" serious harm. The court concluded that imprisonment was necessary in these cases for the protection of the public "because a lesser sentence will depreciate the seriousness of the offender's crime and promote disrespect for the law." In State v. Cottone, 188 Neb. 102, 195 N. W. 2d 196 (1972), we held that while section 29-2260, R. R. S. 1943, lists grounds to be considered by the sentencing court, it does not control its discretion. The statute specifically so provides.

The incident involved cannot be taken lightly. Both Jeffrey and Brian threatened the lives of Officers Fosmer and Brown. Brian pointed a shotgun at them, which he appeared to activate, stating: "I'm going to blow you son-of-bitches away." The fact that Brian claims he knew the shotgun was unloaded is not controlling. The officers did not know it. We have held that the pointing of an unloaded weapon at another is an assault if the person aimed at does not know but that

it is loaded and has no reason to believe that it is not. State v. Brauner, 192 Neb. 602, 223 N. W. 2d 152 (1974); State v. McGhee, 184 Neb. 352, 167 N. W. 2d 765 (1969). Jeffrey also threatened the lives of the two officers when he pointed the .38 revolver, which he had taken from the officers' car, in their direction. Officer Fosmer testified that the revolver was loaded, cocked, and ready to be fired. The record is clear that the marijuana was in fact sold to Officers Brown and Fosmer, although that charge was reduced to possession of more than 1 pound of marijuana, which was clearly warranted, as the evidence reveals that Jeffrey and Brian had possession of approximately 6 pounds of marijuana.

The sentences imposed upon the brothers were within the statutory limits for the offenses involved. We deem it unnecessary to cite authority for the well-established rule that a sentence imposed within statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of discretion. Clearly there was no abuse of discretion in these cases, and we affirm the action of the trial court.

AFFIRMED.