STATE OF NEBRASKA, APPELLEE, v. JAMES R. RANDOLPH, APPELLANT.

255 N. W. 2d 288

Filed June 29, 1977. No. 41253.

Richard H. Hoch of Hoch & Steinheider, for appellant.

Paul L. Douglas, Attorney General, and Robert F. Bartle, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

James R. Randolph, defendant and appellant herein, was charged in the District Court for Otoe County with embezzlement under section 28-538, R. R. S. 1943. On December 3, 1976, defendant pled guilty to the charge, and was subsequently sentenced to confinement in the penal complex for a period of not less than 2 nor more than 5 years. Defendant has appealed to this court, contending that the sentence imposed is excessive. We affirm.

The record shows that defendant embezzled approximately $3,000 from a restaurant, where he was employed as a cook and manager trainee. Defendant was apprehended shortly after he took the money when he became involved in an automobile accident after leaving the state, and investigating officers discovered the embezzled money.

Defendant is 34 years old, married, and has two infant children. He contends that a sentence of probation is warranted because he has committed no felonies during the 15 years preceding this crime, and because his criminal activity is the result of a drinking problem.

Although it is true that previous to this case the

defendant has not been convicted of a felony for a substantial period of time, he has a serious criminal record. In 1960 a charge of automobile theft was reduced to joy riding, and defendant was sentenced to 4 months imprisonment in a Colorado county jail. In 1960 the defendant was convicted of grand larceny in Minnesota, and given a sentence of probation for 3 years. In 1962, defendant pled guilty to robbery in Iowa, received a 5 year sentence, and was subsequently paroled. In conjunction with the present case, defendant was charged with unlawful use of an automobile, which he borrowed on a pretense, and then used it to leave the state after the embezzlement. .

Although defendant has a wife and two children, he has previously deserted them, once for a 20-month period in 1974 to 1976. Defendant acknowledged that at the time of his crime he had no concern for his wife and children, and simply decided to "take off." He has been unable to control his drinking problem, despite one attempt at counseling.

We have repeatedly held that a sentence imposed within the statutorily prescribed limits will not be disturbed on appeal unless there has been an abuse of discretion on the part of the trial court. State v. Tweedy, 196 Neb. 251, 242 N. W. 2d 629 (1976). Similarly, an order by the trial court which denies probation will not be overturned absent an abuse of discretion. State v. Frans, 192 Neb. 641, 223 N. W. 2d 490 (1974). The sentence imposed in this case was within the statutorily prescribed limits of 1 to 7 years imprisonment. The trial court in this case fully considered the defendant's past record, his family and social situation, and his problem with alcohol. It found that probation would not be an effective or appropriate sentence. Such a finding was not an abuse of discretion on the record presented, and therefore the sentence imposed by the trial court is affirmed.

AFFIRMED.