REQUESTED BY: Robert G. Simmons, Jr., Banner County Attorney
Is § 28-310(1)(b) unconstitutionally vague?
In light of prior opinions of the Supreme Court of Nebraska in assault cases, there is, in our opinion, a good possibility that Court would not find this statute unconstitutionally vague.
In State v. Hamilton, 215 Neb. 694, 340 N.W.2d 397
(1983), the Supreme Court of Nebraska found the terroristic threats statute, Neb.Rev.Stat. § 28-311 (1979) unconstitutional because of vagueness.
Neb.Rev.Stat. § 28-310(1)(b), about which you inquire, provides: `(1) A person commits the offense of assault in the third degree if he: . . . (b) Threatens another in a menacing manner. . . .'
Section 28-311, which the Supreme Court found unconstitutional, provides in part: `(1) A person commits terroristic threats if: (a) He threatens to commit any crime likely to result in death or serious physical injury to another person or likely to result in substantial property damage to another person; or . . .:'
While the Supreme Court found portions of the latter statute to be objectionable which are not contained in 28-310, its discussion as to its meaning of the term `threatens' or `threats' in that case is applicable, in part, to the present statute.
In that case, the Court stated:
 As noted by the trial court, the statute in question is vague and uncertain as to what constitutes a threat. The act does not define the term, nor does it describe how or to whom, if anyone, the threat must be made. Must the threat be made in seriousness, or will a simple joke be sufficient? Is it a violation of this act to make the threat if the threat is neither heard nor received by the anticipated victim, or does a violation occur only if there is knowledge and understanding by the party to whom it is directed? That is to say, can one violate this act by calling another and threatening to commit a crime likely to result in serious physical injury, only to discover that he has dialed the wrong number? And is it a violation if the person to whom the threat is made does not consider it to have been made seriously and gives it no heed?
State v. Hamilton, 215 Neb. 694 at 697.
As you know, there has long been a division of authority by courts in interpreting the crime of assault, even under the common law. Some courts applied the law from the position of the actor and held that if he did not intend any harm or harm was impossible to accomplish that no assault occurred; other courts applied the law from the subjective standpoint of the intended victim and held that if the victim were put in fear or other varying emotional states by the actions of the actor, irrespective of the intent or ability of the actor, that an assault occurred. The classic example was the situation where the actor pointed an unloaded or defective firearm at a victim who was put in fear because the victim did not know the condition of the firearm. The courts were divided as to whether this constituted an assault.
The law in Nebraska, prior to State v. Hamilton, was well settled in favor of the latter position. For example, in State v. Machmuller, 196 Neb. 734, 246 N.W.2d 69, the defendant Brian Machmuller pointed an unloaded shotgun at the victims, stating he was going to blow them away. The Supreme Court of Nebraska stated:
 The fact that Brian claims he knew the shotgun was unloaded is not controlling. The officers did not know it. We have held that the pointing of an unloaded weapon at another is an assault if the person aimed at does not know but that it is loaded and has no reason to believe that it is not. State v. Brauner, 192 Neb. 602, 223 N.W.2d 152 (1974); State v. McGhee, 184 Neb. 352, 167 N.W.2d 765 (1969).
The two cases cited by the Court in the above quote were to the same effect.
The Court in State v. Hamilton, in discussing the meaning of the term `threaten', as set out in the quote above from said case, did not go on to discuss these alternative possibilities to holding the statute unconstitutionally vague. The Court possibly felt that `terroristic threats,' being a relatively recent concept, did not come within the traditional case law as to assault.
We will not attempt to predict what action the Court may take in the event the constitutionality of 28-310(1)(b) is presented to it in a proper case. However, since the wording used in that section of `threatens another in a menacing manner' is the traditional description of an assault, we are of the opinion that the Supreme Court, under its own precedent as to assault, some of which is discussed above, will likely interpret this section according to that precedent, and not find this section unconstitutionally vague.
Respectfully submitted,
PAUL L. DOUGLAS Attorney General
Mel Kammerlohr Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General