STATE OF NEBRASKA, APPELLEE, V. GEORGE BRANDT, APPELLANT.*

FILED MARCH 5, 1909. No. 15,565.

1. **Intoxicating Liquors: VIOLATION OF ORDINANCES: APPEAL.** A saloon-keeper who has been fined by the police court for keeping his place of business open after hours or on Sunday, in violation of an ordinance of the city of Hastings, cannot appeal to the district court under the provisions of section 324 of the criminal code, relating to appeals from judgments rendered by magistrates in imposing fines or imprisonment for violations of statutes of the state.

2. **Constitutional Law.** A party to a suit will not ordinarily be permitted to attack the constitutionality of a statute in a case where his rights or interests are not invaded or affected by its provisions.

APPEAL from the district court for Adams county: ED L. ADAMS, JUDGE. *Affirmed.*

*John C. Stevens,* for appellant.

*W. F. Button,* contra.

* See *Brandt v. State,* 80 Neb. 843.

Rose, J.

When defendant was a licensed saloon-keeper in the city of Hastings, he kept his place of business open "after hours, or on Sunday, September 29, 1907," in violation of a city ordinance. For this offense the police judge fined him $50 and costs, with the alternative of payment or imprisonment. He attempted to appeal to the the district court, but failed to comply with a provision of the Hastings charter, declaring that no appeal by defendant shall be allowed in any case arising under a city ordinance, unless a recognizance to pay the fine and costs is given by him within ten days. Comp. St. 1907, ch. 13, art. III, sec. 101. Failure to give the recognizance required by the charter resulted in a dismissal of the appeal for want of jurisdiction when the case reached the district court, and from that order defendant has appealed to this court.

Defendant admits he did not give the recognizance required by the city charter, but argues that the requirement is void, because it conflicts with the constitutional provision on the subject of uniformity of laws relating to courts. Constitution, art. VI, sec. 19. He further insists that the offense of which he was accused and convicted was a violation of the statute, declaring that every person who shall sell or give away any malt, spirituous or vinous liquors on Sunday shall forfeit for every offense $100. Comp. St. 1907, ch. 50, sec. 14. He also asserts that he appealed from the conviction under the statute cited and gave a recognizance in strict conformity with the requirements of section 324 of the criminal code, relating to appeals from judgments rendered by magistrates in imposing fines or imprisonment for misdemeanors denounced by statutes of the state. Under that appeal and recognizance defendant argues that the district court acquired jurisdiction and erroneously entered the order of dismissal herein assailed. This position cannot be maintained for the reason his offense was denounced only by

the city ordinance and is not punishable under any provision of the criminal code. The question has already been settled in this case. In *Brandt v. State,* 80 Neb. 843, this court, in an opinion by Judge LETTON, said: "The offense with which Brandt was charged was not a violation of any criminal law of this state, but of a local regulation or ordinance of the city of Hastings." The statute under which defendant attempted to give his recognizance did not apply to the offense of which he was convicted in the police court, and his appeal conferred no jurisdiction on the district court. It is manifest, therefore, if that part of the city charter which requires defendant to give a recognizance to pay the fine and costs as a condition of appeal were declared unconstitutional and void, the district court would still be without jurisdiction. This conclusion makes it unnecessary to examine the constitutional question presented by counsel for defendant, though it was ably argued at the bar and in his brief. The rule is that a party to a suit will not ordinarily be permitted to attack the constitutionality of a statute in a case where his rights or interests are not invaded or affected by its provisions. *State v. Stevenson,* 18 Neb. 416; 8 Cyc. 787.

There is no error in the judgment of the district court, and it is

AFFIRMED.