STATE OF NEBRASKA, APPELLEE, V. HARRY I. HYLTON,
APPELLANT.

124 N. W. 2d 230

Filed November 1, 1963.   No. 35513.

Ginsburg, Rosenberg & Ginsburg and Norman Krivo-
sha, for appellant.

Clarence A. H. Meyer, Attorney General, and Richard
H. Williams, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER,
SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is a criminal action in which, in the district
court for York County, Nebraska, Harry I. Hylton was
charged in two counts of an information with two sepa-
rate offenses of willfully and knowingly subscribing to
false statements of a corporation transacting a banking
business, with intent to deceive.

On November 20, 1962, the defendant appeared per-
sonally and with counsel in open court, waived the

reading of the information, and pleaded nolo contendere to each count of the information. The effect of this plea was the same as that of a plea of guilty. State ex rel. Nebraska State Bar Assn. v. Stanosheck, 167 Neb. 192, 92 N. W. 2d 194; § 29-1819, R. R. S. 1943. The plea was accepted.

Thereupon, on that date the defendant was by the court found guilty on both counts and sentence was deferred pending an investigation by and a report from the adult probation officer for the district. The statutory penalty subject to imposition by the court was imprisonment for not less than 1 year and not more than 10 years on each count. § 8-135, R. R. S. 1943. The court was not required to sentence the defendant under the terms of this provision but was empowered to suspend proceedings and place the defendant on probation. § 29-2218, R. R. S. 1943.

On March 12, 1963, a hearing was had with the attorney for the defendant present, the purpose of which, according to the bill of exceptions, was to present evidence as to the matter of imposition of sentence. The defendant adduced evidence but none was adduced by the State. The proceedings were adjourned to March 21, 1963.

On March 21, 1963, the matter of imposition of sentence came finally before the court and after due and proper admonition to the defendant and his attorney, the defendant was sentenced to serve a term of from 3 to 7 years in the State Penitentiary at Lincoln, Nebraska, on each of the two counts, the two sentences to run concurrently.

Prior to the imposition of sentence, reports were made to the court the purpose of which was to aid the court in determining what sentence, if any, should be imposed and whether or not, instead of imposition of sentence, the defendant should be placed on probation.

After sentence and on the same day the defendant filed a motion for new trial. This motion was on the

same day overruled. Following this ruling on motion of the State made at the suggestion of the court the report or reports bearing on the question of probation were filed in order that they might be considered on appeal. The counsel for defendant at the time declared an intention to appeal.

The motion for new trial contains nine assignments of error. In the brief on appeal there are 11 assignments of error. In the light of the argument contained in the defendant's brief only two of those appearing in the motion for new trial require consideration here. One is that the sentence is excessive and the other that the court erred in denying probation. One assignment of error made in the brief in addition to these requires consideration here.

As to two assignments of error the rule applicable is the following: "Where the punishment of an offense created by statute is left to the discretion of a court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of such discretion." Bright v. State, 125 Neb. 817, 252 N. W. 386. See, also, Onstott v. State, 156 Neb. 55, 54 N. W. 2d 380. There is no contention to the contrary.

By the substantial contention of the defendant the third assignment of error is that there was what amounted to an abuse of discretion the effect of which was to deprive him of constitutional rights. This contention flows from the use of the reports made by the probation officers as an incident to the fixation of sentence which brought about an abuse of discretion.

There can be no doubt that these reports were examined and considered by the court and it is likely that statements therein had an effect upon the discretion exercised. This was not improper, but is specifically authorized and directed by statute. § 29-2217, R. R. S. 1943. See, also, Carr v. State, 152 Neb. 248, 40 N. W. 2d 677.

It appears that primarily the contention of the de-

fendant is that these reports contained false information which he was not afforded an opportunity to meet and thus his constitutional rights were denied and discretion was abused.

There is no information the effect of which is to say that he or his counsel was offered an opportunity to examine these reports before sentencing, but from the record it becomes clear that his counsel knew of the reports, but did not read them. It is not contended that he requested an opportunity to read and acquaint himself with the contents.

In the light of what followed the sentencing it is reasonably inferable that such a request would not have been denied. After sentencing, and on the same day, as has been pointed out, a motion for new trial was filed and overruled. At this time, as the record discloses, the court of its own volition initiated the introduction of the reports in evidence so that on appeal this court would have the opportunity to consider them.

If the defendant had no opportunity theretofore to know and counter or offer to counter the contents of these reports, he had the opportunity thereafter, which he did not exercise or ask leave to exercise. In particular he offered no evidence after the filing of the motion for new trial and made no request to make any such offer.

In the light of the record here it may not well be said that the court abused its discretion in imposing sentence rather than placing the defendant on probation, or in fixing the term of imprisonment in the State Penitentiary.

The judgment of the district court is affirmed.

AFFIRMED.