STATE OF NEBRASKA, APPELLEE, V. WYATT MICHAEL ROSE,
APPELLANT.

164 N. W. 2d 646

Filed January 31, 1969.   No. 36995.

Fromkin, Fromkin & Herzog, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and COLWELL, District Judge.

CARTER, J.

The defendant, Wyatt Michael Rose, was charged in the district court for Douglas County with the crime of burglary.  The defendant was arraigned on December 5, 1967, and, with the assistance of legal counsel, entered a plea of guilty.  Sentence was deferred pending a pre-

sentence investigation and on April 16, 1968, defendant was sentenced to the Nebraska Penal and Correctional Complex for a period of not less than 2 years nor more than 3 years. The defendant has appealed to this court.

It is the contention of the defendant that the sentence is excessive in that the trial court considered improper matters arising from the presentence investigation which the defendant caused to be placed in the record.

The report of the chief adult probation officer shows the following: According to the records of the Omaha police department, defendant, in 1960, then 13 years of age, was charged with the possession of obscene photographs and was placed on probation. In 1963, he was charged with malicious destruction of property and was again placed on probation. In 1964, he was charged with violating the terms of his probationary order and was sentenced to serve 8 days in the county jail. In 1965, he was charged with armed robbery and robbery and assault with intent to commit murder. This charge was dismissed. In 1966, he was arrested as a suspect in the commission of grand larceny, but no charge was filed. Later in 1966, he was charged with shooting with intent to kill, wound, or maim and this case was also dismissed. Still later in 1966, he was charged with petit larceny and was fined $25 and costs. Still later in 1966, he was charged with petit larceny and sentenced to 60 days in the county jail. In 1967, defendant was charged with petit larceny, second offense, but the charge was dismissed. Later in 1967, while out on bond in the case now before the court, he was arrested for carrying a concealed weapon and resisting arrest, but these charges were dismissed. At the time defendant entered his plea of guilty to the charge of burglary, defendant admitted that while riding in an automobile with two others, he and one of the others entered the Takin Brothers Truck Line building through a hole in the panel of the door where they were apprehended by the police while hiding behind a pile of tires. He informed the court that he

entered the warehouse with intent to steal. At the time of imposing sentence, the trial court stated, in responding to the argument of defense counsel that defendant had reformed, that: "He certainly must have changed within the last few months, I will say that for him. I had him in court here where he came in and testified. If I ever heard perjury, it certainly was in that case. He came in and told a cock and bull story under oath in that case." It is under such a showing as here recited that defendant was sentenced to imprisonment from 2 to 3 years and which defendant contends was beyond the discretion of the trial court.

It is a long accepted practice in this state that before sentencing a defendant after conviction a trial judge has a broad discretion in the sourse and type of evidence he may use to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by statute. Highly relevant, if not essential, to his determination of an appropriate sentence is the gaining of knowledge concerning defendant's life, character, and previous conduct. In gaining this information, the trial court may consider reports of probation officers, police reports, affidavits, and other information including his own observations of the defendant. A presentence investigation has nothing to do with the issue of guilt. The rules governing due process with respect to the admissibility of evidence are not the same in a presentence hearing as in a trial in which guilt or innocence is the issue. The latitude allowed a sentencing judge at a presentence hearing to determine the nature and length of punishment, other than in recidivist cases, is almost without limitation as long as it is relevant to the issue. Maher v. State, 144 Neb. 463, 13 N. W. 2d 641; State v. Hylton, 175 Neb. 828, 124 N. W. 2d 230; Williams v. New York, 337 U. S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337.

Section 29-2217, R. R. S. 1943, furnishes adequate basis for the foregoing holdings. It states: "In all cases of criminal prosecution, whenever any person shall have

been found guilty, by verdict of a jury, or by his plea of guilty duly entered in the cause, of any misdemeanor or any felony, except murder, treason, or forcible rape, it shall be the duty of the court in which such cause is pending to ascertain, if practicable, through the agency of a probation officer or otherwise, the age of the accused, whether the offense of which he is found guilty by such verdict is his first offense, the extent of the moral turpitude involved in the act committed by the accused, and such other facts and circumstances relating to the accused as he may desire to know."

In the instant case, the record of the defendant shows a long list of arrests and convictions. It is true that many of the arrests did not lead to a conviction of crime, but they are no less proper to be considered in arriving at the sentence to be imposed. Egelak v. State (Alaska), 438 P. 2d 712. Defendant contends that he has reformed, but the only reference to reformation appears in the argument of his counsel to the court in mitigation of the offense. It seems clear to us that the past record of defendant is such as to foreclose the contention that the trial court abused its discretion.

It is argued at length that the statement of the trial judge regarding the perjury of the defendant in a previous case is prejudicial to the rights of the defendant. The record of the presentence hearing is such that the sentence is clearly within the court's discretion even if the perjury statement had been locked within the court's breast.

Where a sentence has been imposed by the district court within the limits prescribed by statute, it will not be disturbed in the absence of an abuse of discretion. Nicholson v. Sigler, ante p. 24, 157 N. W. 2d 872. We find no abuse of discretion in imposing the sentence in the instant case and it is affirmed.

AFFIRMED.