STATE OF NEBRASKA, APPELLEE, v. BARBARA GLOUSER, APPELLANT.

226 N. W. 2d 134

Filed February 27, 1975. No. 39440.

Bernard Walsh, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an appeal from a conviction of forgery upon a plea of guilty. Defendant was sentenced to a term of 10 years in the State Reformatory for Women. The sentence imposed in the forgery charge was ordered to be consecutive to a like term imposed at the same sentencing hearing on a charge of unlawful possession of a controlled substance with an intent to deliver. The issue on appeal is whether the sentence is excessive. We affirm.

The forgery for which defendant was convicted involved the obtaining of funds from a savings association by the use of an apparently stolen savings account

book and the forgery of a withdrawal slip. A similar charge involving another forged withdrawal slip was dismissed following a plea of guilty on the charge upon which sentence was imposed. The conviction on the controlled substance charge grew out of the transportation by defendant of heroin from California to Omaha while a passenger on a commercial airline. Upon the defendant's arrival in Omaha at the conclusion of an admitted second trip, defendant was apprehended. She appears to have no other criminal record. She is the spouse of a convicted felon whose forte is apparently forgery. At time of sentencing she was 32 years of age. She is the mother of two teenage daughters by a prior marriage.

Defendant told the trial judge that she purchased the stolen passbook from a friend. The judge appears to have disbelieved her story as to the source of the passbook and indicated by his remarks that it was stolen, although the reason for this belief is not shown in the record. The judge appears to have considered in imposing sentence her refusal to reveal from whom the passbook was obtained.

The possible penalties for forgery are not less than 1 nor more than 20 years and a fine not exceeding $500. § 28-601, R. S. Supp., 1972. We have ofttimes stated that where the punishment for an offense created by statute is left to the discretion of the court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed on appeal unless there appears to be an abuse of discretion. State v. Harig, 192 Neb. 49, 218 N. W. 2d 884.

The defendant, in support of the claim of excessiveness of sentence, asserts the use of "uncorroborated and unsubstantiated information concerning the source of the subject pass book" is indicative of an abuse of discretion. The defendant also asserts that abuse of discretion is indicated by the claimed intemperate tone of the sentencing judge's remarks.

The State points out that the sentencing court is not restricted to information obtained through the use of rules of evidence which pertain at trial. The State cites Williams v. New York, 337 U. S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337, and quotes as follows: "In addition to the historical basis for different evidentiary rules governing trial and sentencing procedures there are sound practical reasons for the distinction. In a trial before verdict the issue is whether a defendant is guilty of having engaged in certain criminal conduct of which he has been specifically accused. Rules of evidence have been fashioned for criminal trials which narrowly confine the trial contest to evidence that is strictly relevant to the particular offense charged. These rules rest in part on a necessity to prevent a time-consuming and confusing trial of collateral issues. They were also designed to prevent tribunals concerned solely with the issue of guilt of a particular offense from being influenced to convict for that offense by evidence that the defendant had habitually engaged in other misconduct. A sentencing judge, however, is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial."

The State, answering the contention of intemperate remarks by the judge, asserts that the remarks indicate the court's concern for the provisions of section 29-2260(2), R. S. Supp., 1972, as follows: "Whenever a court considers sentence for an offender convicted of

either a misdemeanor or a felony, the court may withhold sentence of imprisonment unless, having regard to the nature and circumstances of the crime and the history, character and condition of the offender, the court finds that imprisonment of the offender is necessary for protection of the public because:

"(a)  The risk is substantial that during the period of probation the offender will engage in additional criminal conduct;

"(b)  The offender is in need of correctional treatment that can be provided most effectively by commitment to a correctional facility; or

"(c)  A lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for law."

Our review of the record inclines us to the conclusion that the failure of the trial judge to place in the record the reason for his belief that the passbook was stolen does not deprive defendant of due process of law.  In Williams v. New York, *supra,* the issue involved was whether the sentencing judge could use information he had obtained concerning other crimes committed by the defendant but of which he had not been convicted.  The Supreme Court of the United States held he could properly do so.  The same principle applies here.  Acceptance of the defendant's version of having purchased the passbook for use in her forgery scheme from a friend rather than from someone she knew to be the thief would scarcely lessen the seriousness of the offense.  The other criticized remarks of the judge do, in our judgment, indicate a concern with the sentencing standards mentioned above.

Although the sentence imposed for the forgery exceeds that usually imposed, we cannot, after reviewing the record and considering that the defendant was apparently guilty of four separate serious felonies, come to the conclusion that the trial judge abused his discretion.

AFFIRMED.

McCown, J., dissenting as to sentence.

The defendant here, at a single sentencing hearing, was sentenced to 10 years imprisonment on a forgery charge and 10 years imprisonment on a charge of possession of a controlled substance with intent to deliver, with the sentences to run consecutively rather than concurrently. The minimum sentence allowed by law for each of the two offenses was 1 year. The maximum sentence on the controlled substance charge was 10 years, and on the forgery count, 20 years.

The defendant had no convictions and apparently no criminal record prior to the sentencing here. She was 32 years old and the mother of two teenage daughters. In my opinion a maximum 10-year sentence on one count, and a sentence 9 years more than the minimum on the other, with the sentences to run consecutively, is excessive for a first-time criminal offender under the facts of these cases.