STATE OF NEBRASKA, APPELLEE, v. LEROY PAINTER, APPELLANT.

237 N. W. 2d 142

Filed January 8, 1976. Nos. 40119, 40120.

Duane L. Nelson, for appellant.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

These appeals are from guilty pleas in two cases, each involving three counts of debauching a minor, in violation of section 28-929, R. S. Supp., 1974. Defendant, LeRoy Painter, was sentenced to 5 years in the Nebraska Penal and Correctional Complex on each count in both cases, with the sentences to run concurrently on the three counts in each case, but the sentences in each case to run consecutively. Defendant sets out four assignments of error: (1) The court erred in accepting pleas of guilty because there was no sufficient factual basis established for accepting such pleas; (2) the pleas were the product of an unfair and improper plea bargain; (3) the court erred in accepting the pleas without specifically having advised the defendant of the potential penalties; and (4) the court erred in imposing an excessive sentence. We affirm.

Painter lived with the complaining witness, Louise Howard, from October of 1972 until August 13, 1973. Also living in the home at that time were Louise Howard's three children, Francis Howard, Glen Donahoo, and Garrett Donahoo, whose ages were 8, 5, and 4. On August 11, 1973, after visiting several bars in Ainsworth, the complaining witness and Painter returned to their home in Wood Lake. It was there, sometime around midnight, that the specific instances of debauchery set out in the informations occurred. No useful purpose will be served by setting out in lurid detail the repulsive details of those incidents. We are here concerned only with the procedural matters of due process.

Defendant does not argue his second assignment of error, consequently, we will not discuss it. Suffice it to say, however, that as a result of the plea bargain two cases, one for assault with intent to do great bodily

harm and another for debauching a minor, were dismissed.

Defendant's first assignment is that there was no sufficient factual basis established as a matter of record for accepting his guilty pleas. While the trial court did not specifically ask the defendant about the specific facts of the offenses, he did ask him if he had given his attorney all the facts as he knew them, and the defendant replied that he had. There is no question the trial judge was familiar with the facts sustaining the charges. This case is within the ambit of State v. Leger (1973), 190 Neb. 352, 208 N. W. 2d 276. There we held that verification of the fact the court was aware of the factual basis for the plea from the presentence reports was sufficient. While it is advisable to do so, the trial court is not required to specifically inquire of the defendant as to the factual basis for a plea of guilty. Inquiry of the county attorney or examination of the presentence report, if before the court, are alternative methods.

Defendant's third assignment is that the court erred in accepting and entering judgment on the pleas without specifically having advised the defendant on the record of the potential penalties. There is no question in this case but that the defendant was well aware of the range of penalties. The trial court did ask him if he understood what possible penalties there might be and whether or not he had also discussed them with his attorney. He answered both questions in the affirmative. The offenses were described in detail in the information. The preliminary hearing, which is in the record, contains the statement of defendant's attorney as follows: "I have in my hands copies of all four complaints which Mr. LeRoy Painter, the defendant, furnished me about six days ago having had them in his pocket and he having read them. Uh it being my opinion that he does understand the charges and he has inquired of me and I have informed him of the statute and the penalty."

Defendant's last assignment alleges that the court erred in imposing a sentence of 10 years imprisonment, which he claims is an excessive sentence. We could not disagree more. In effect, under section 83-1,105, R. S. Supp., 1974, the defendant has received a 2 to 10 year sentence. Unless an abuse of discretion appears, a sentence within the statutory limits will not be disturbed on appeal. State v. Glouser (1975), 193 Neb. 186, 226 N. W. 2d 134. The debauchery involved is particularly heinous and repulsive. On the record, there was no abuse of discretion.

The judgment is affirmed.

AFFIRMED.

BRODKEY, J., dissenting.

I respectfully dissent. In State v. Turner, 186 Neb. 424, 183 N. W. 2d 763 (1971), this court specifically stated that the Standards Relating to Pleas of Guilty promulgated by the American Bar Association outline what should be the *minimum* procedure in the taking of pleas of guilty. Section 1.4 of those Standards provides as follows:

"1.4 Defendant to be advised *by court.*

The court should *not* accept a plea of guilty or nolo contendere from a defendant *without first addressing the defendant personally and*

(a) determining that he understands the nature of the charge;

(b) informing him that by his plea of guilty or nolo contendere he waives his right to trial by jury; and

(c) *informing him:*

(i) *of the maximum possible sentence on the charge, including that possible from consecutive sentences;*

(ii) *of the mandatory minimum sentence, if any, on the charge; and*

(iii) when the offense charged is one for which a different or additional punishment is authorized

by reason of the fact that the defendant has previously been convicted of an offense, that this fact may be established after his plea in the present action if he has been previously convicted, thereby subjecting him to such different or additional punishment." (Emphasis supplied.)

The record before this court does not affirmatively show compliance with the requirements of the foregoing standard that the court personally inform the defendant of the possible penalties. The only references in the record as to defendant's knowledge of the possible penalties are contained in the following colloquies. Defendant's attorney stated in the preliminary hearing in the county court, as follows: "I have in my hands copies of all four complaints which Mr. LeRoy Painter, the defendant, furnished me about six days ago having had them in his pocket and he having read them. Uh it being my opinion that he does understand the charges and he has inquired of me and I have informed him of the statute and the penalty." At defendant's subsequent arraignment in District Court, the judge asked him the following questions and received the following answers: "Q. You understand what posible penalties there might be? A. Yes. Q. Which you have also discussed with your attorney? A. Yes sir."

The Commentary to section 1.4 of the Standards makes it clear that the purpose of the requirement that the judge warn the defendant of the consequences of his plea is that "the judicial warning effectively serves to overcome subsequent objections by the defendant that his counsel gave him erroneous information." A.B.A. Standards Relating to Pleas of Guilty, Commentary to section 1.4 (c), p. 27.

In this case, Painter pleaded guilty to six counts of debauching minors. Three counts were included in each of the two informations. We cannot ascertain from the record before us if his attorney informed Painter that the maximum penalty for the offense was 5 years; and

whether he told him only that, and did not also tell him that the possible penalty he could receive on the 6 counts was 30 years. As a matter of fact, the prosecutor did request a sentence of 30 years. North Carolina v. Alford, 400 U. S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), is authority for the proposition that an accused may plead guilty, even though protesting his innocence, if he intelligently concludes his interests so require. Under this rule, Painter may well have been willing to enter his plea of guilty if he were under the impression that the maximum sentence which could be imposed upon him was 5 years, but not if he knew he could receive a sentence of imprisonment for 30 years. He had a right to make his decision with full knowledge of the pertinent facts, and in the absence of such information, I do not believe that it can be said he entered his plea voluntarily. It is possible that Painter was aware of the specific penalties, and the available alternatives, but the record before us does not so indicate. We have no way of knowing what his attorney or others may have told him, or whether the information imparted to him was correct. However, it does not appear from the record before us that the trial judge informed him of those matters at the time of his arraignment. The error, if any, should be corrected now, with the thought of possibly avoiding further legal proceedings of constitutional dimensions.

In State v. Lewis, 192 Neb. 518, 222 N. W. 2d 815 (1974), involving a similar situation and the question of whether or not the defendant was aware of the possible penalties at the time of the entry of the plea, this court, without vacating the judgment of conviction or the sentence, remanded the cause to the District Court for a hearing to determine that issue.

I would remand the cause to the District Court with leave to the defendant to apply to the District Court to withdraw his plea within 10 days from the receipt of the mandate. If he does so apply, the court should hold an evidentiary hearing to determine the extent of Paint-

er's knowledge of the penal consequences of his plea. If the court finds that he was not aware of the penal consequences, the judgment of conviction should be deemed vacated, and he should be permitted to plead again. If it determines he did know, then the judgment and sentence should stand.

McCown, J., joins in this dissent.