STATE OF NEBRASKA, APPELLEE, V. TERRY A. WADE, APPELLANT.

STATE OF NEBRASKA, APPELLEE, V. GARY EUGENE WADE, APPELLANT.

STATE OF NEBRASKA, APPELLEE, V. DUANE M. WADE, APPELLANT.

240 N. W. 2d 351

Filed April 7, 1976. Nos. 40398, 40399, 40400.

T. Clement Gaughan and George R. Sornberger, for appellants.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

These appeals involve identical charges, fact situations, and assignments of error. It is appropriate to dispose of them in a single opinion.

Separate charges of possession of a forged instrument with intent to defraud were filed against the three appellants, Terry A. Wade, Gary Eugene Wade, and Duane M. Wade. Before arraignment in the District Court for Lancaster County, Nebraska, a plea bargain resulted in the filing of amended informations charging the obtaining of money by false pretenses; the bargain did not include any recommendation of sentence nor agreement for the disposition of other charges pending against the appellants elsewhere in Nebraska and Oklahoma. Each appellant pleaded guilty to the amended charge; and the pleas were accepted after the trial court satisfied itself that such pleas were being made knowingly, understandingly, and voluntarily. Presentence investigations were ordered, although each appellant requested immediate sentencing.

According to the record, including the pre-sentence investigation reports, the appellants, three brothers from Columbus, Ohio, each had a background of criminal activity with no indication of desire or potential to engage in constructive and legal employment. Terry, the

youngest, was subject to a pending charge of petit larceny and the other two had violated the conditions of the paroles granted to them from their imprisonment after convictions of felony; and all were addicted to the use of heroin at a high daily cost. From a base in Omaha, Nebraska, they went to various other cities in Nebraska where they forged apparent payroll checks upon stolen check blanks; an accomplice, using false identification, then passed the checks at stores and supermarkets during rush periods; and the proceeds were then divided equally and used principally for the purchase of more drugs. In addition to forging and passing the checks in Lincoln, Nebraska, upon which these charges were based, similar conduct led to the filing of other charges, still pending, in Adams, Franklin, and Madison Counties in Nebraska, as well as Garfield and Comanche Counties, Oklahoma.

*No checks were passed in Omaha, Nebraska, for the reason that the appellants were afraid that a local telephone warning system might cause their apprehension. It is noteworthy that although their admittedly criminal activities subjected each of them to substantial sentences of imprisonment, nevertheless the fear of apprehension was the only circumstance which operated as a deterrent.*

The trial court sentenced each appellant to a term of imprisonment in the Nebraska Penal and Correctional Complex of not less than 18 months nor more than 3 years, with credit for 47 days spent in confinement. The appellants argue that the trial court should have sentenced them to probation instead of imprisonment. Terry refers us to this statement from State v. Etchison, 188 Neb. 134, 195 N. W. 2d 498: "The primary function of the criminal law is to protect individuals and society from the depredations of the criminally bent. In furtherance of this purpose, it is deemed necessary to mete out punishment as a deterrent to others and to lock up incorrigible criminals. On the other hand, the rehabilita-

tion of criminals is one of society's major safeguards. Among factors meriting consideration are the family ties, age, mentality, education, experience, and social and cultural background of the convicted individual; his willingness to work at honest labor; his past criminal record or law abiding conduct; the motivation for the offense, the nature of the offense, and the amount of violence, if any, involved; the frankness and willingness of the defendant to cooperate; narcotic addiction, if any, circumstances aggravating or mitigating the offense; community attitudes toward the offense; and the individual's potentialities for reform or recidivism."

The entire record shows that the trial court followed both the letter and the spirit of the sentencing procedure. It is evident that the trial court, after full consideration of the circumstances mentioned, properly exercised its discretion to impose a sentence of imprisonment upon each of the appellants. Each sentence was within statutory limits and no abuse of discretion has been shown. § 28-1207, R. R. S. 1943; State v. Weiand, 194 Neb. 461, 232 N. W. 2d 28.

The judgment of the trial court in each case is affirmed.

AFFIRMED.