STATE OF NEBRASKA, APPELLEE, V. STEVEN M. BRIDGMON, APPELLANT.

246 N. W. 2d 57

Filed October 13, 1976. No. 40530.

Mark M. Sipple and Walker, Luckey, Whitehead & Sipple, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

In an information filed in the District Court for Platte County on May 23, 1975, the defendant, Steven M. Bridgmon, was charged in count I with a burglary of the Brown Derby Cocktail Lounge in Columbus, Nebraska, on or about May 11, 1975; and in count II with the burglary of Larry's Drive In Liquors in Columbus, Nebraska, on or about February 26, 1975. As a result of a plea bargaining agreement entered into between the county attorney of Platte County and court appointed counsel for the defendant, the defendant at the subsequent arraignment pled guilty to count I of the information, and the county attorney thereupon dismissed count II. The court set the date of July 18, 1975, for sentencing. However on that date, for reasons which do not appear in the record, defendant failed to appear, and a bench warrant was issued for him. Sentencing was finally held on September 19, 1975. At that time the court sentenced the defendant to imprisonment in the Nebraska Penal and Correctional Complex for a period of 3 years, with credit for 71 days time served in the Platte County jail awaiting disposition of the case; and also ordered him to pay the costs of prosecution. Defendant's motion for a new trial was subsequently overruled and he now appeals his conviction and sentence to this court, assigning as ground for reversal that the sentence imposed by the trial court was excessive and amounted to an abuse of discretion; and also that in determining the sentence to be imposed upon the defendant, the court erred in taking into consideration and in assuming defendant's guilt of the burglary for which he was charged in count II of the information, which had previously been dismissed pursuant

to the plea bargain agreement. We affirm.

Defendant contends that the evidence in this case does not warrant a sentence of 3 years in the Nebraska Penal and Correctional Complex, and urges upon the court the well-established rule as stated in State v. Sturm, 189 Neb. 299, 202 N. W. 2d 381 (1972): "This court may reduce the sentence rendered by the district court against the accused when in its opinion a sentence is excessive, and it is its duty to render such sentence as in its opinion may be warranted by the evidence. § 29-2308, R. R. S. 1943." In support of his contention that the sentence of 3 years was excessive, counsel for defendant argues that the defendant, who at the time of the offense was 24 years of age, was a first time felony offender and had pled guilty to a non-violent crime which consisted of taking $12.40 in coins and 3 packages of cigarettes, and also that the burglary was committed on a spur of the moment whim and without premeditation. He also points out that the probation officer had suggested the possibility of further evaluation of the defendant, as opposed to imprisonment. In his brief counsel for defendant admits that defendant has had a rather lengthy misdemeanor history, but reiterates that this offense, to which defendant entered his plea of guilty, was his first felony conviction. The comments of the trial judge made at the time of defendant's sentencing, following the plea made on defendant's behalf by his counsel, are enlightening, and are, with one exception, fully supported by the presentence investigation and report before us as part of the record on appeal. At that time the court stated: "Under ordinary circumstances, I would be impressed by what you have said, Counsel. It is not to say that I am not impressed at this time, I am. Your argument or your talk in his behalf makes a lot of sense. But I get to looking at this boy's record, and number one, he has no steady record of employment. Secondly, he has got a long police record. True, a lot of the stuff is

petty, but he has still been involved with the police a great number of times, a few larcenies in there. It runs all the way back to 1965. You can just kind of see the handwriting on the wall: curfew, juvenile, petit larceny, violation of traffic, disturbing the peace, more violations, fighting, everything except working, drunk. He is just not a good risk for probation.

"So, we come to the point of what kind of a sentence am I giving him. This is one of two felonies that you were charged with and as a result of a plea bargain one of them has been dismissed. But I can't overlook the fact that he did commit another burglary. And it bothers me that he wasn't here when he was supposed to be here the last time for sentencing. We had to go get him."

The report of the presentence investigation reveals that the defendant has an arrest record containing 23 entries over a 10-year period from 1965 to 1975; and while he has not been previously convicted of a felony, the presentence report indicates a number of instances where he has served periods of confinement and a number of convictions for a variety of offenses. He also has had a history of mental trouble.

The statutory penalty provided for the offense of burglary, as set out in section 28-532, R. R. S. 1943, is confinement in the Nebraska Penal and Correctional Complex for not more than 10 years nor less than 1 year, or a fine not exceeding $500, or by imprisonment in the jail of the county not exceeding 6 months. Defendant's sentence of confinement for a period of 3 years is clearly within the limits of the statute. The rule is firmly established in this state that in the absence of an abuse of discretion, a sentence imposed within statutory limits will not be disturbed on appeal. State v. Keen, *ante* p. 291, 242 N. W. 2d 863 (1976); State v. Painter, 195 Neb. 183, 237 N. W. 2d 142 (1976); State v. Wade, 195 Neb. 761, 240 N. W. 2d 351 (1976). It is also the rule in this jurisdiction that an order or sen-

tence of the trial court denying probation will not be overturned on appeal unless there has been an abuse of discretion. State v. Keen, *supra*. In view of defendant's previous exposure to the criminal justice system, his repeated convictions of misdemeanors, and the seriousness of the offense to which he entered his plea of guilty, the sentence of 3 years imposed upon the defendant, while perhaps severe, was not excessive nor an abuse of discretion on the part of the court.

We now consider defendant's contention that the court committed reversible error in its comment at the time of the sentencing, as follows: "This is one of two felonies that you were charged with and as a result of a plea bargain one of them has been dismissed. But I can't overlook the fact that he did commit another burglary." Defendant contends that since there is no evidence in the record to indicate that he was in fact guilty of the burglary with which he was charged in count II, which was dismissed as the result of plea bargaining, he was deprived of due process of law when the court considered that fact in determining his sentence. While it is true the court made the statement complained of, and apparently did consider that fact, in connection with other facts, in making his overall determination of the sentence to be imposed, it is nowhere apparent from the record how much weight the court gave to the burglary charged in count II in making that determination. While the court mentioned the second burglary in its comments, it is clear that he gave principal weight to the fact that defendant had had a rather extensive prior record; and also to the fact that defendant had failed to appear for sentencing at the appointed time, and stated: "We had to go get him." These other items were in themselves more than sufficient to warrant the imposition of the sentence in question, even without consideration of or reference to the other burglary with which defendant had been charged in the information.

The law is well-established in this state that a trial judge in sentencing a defendant after conviction has a broad discretion as to the source and type of evidence he may use to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by the statute. State v. Rose, 183 Neb. 809, 164 N. W. 2d 646 (1969); State v. Holzapfel, 192 Neb. 672, 223 N. W. 2d 670 (1974); State v. Rapp, 184 Neb. 156, 165 N. W. 2d 715 (1969). It is clear from the foregoing authorities that a sentencing judge may properly consider for that purpose any type of relevant information, including his own observations of the defendant. In State v. Rose, *supra*, at the time of imposing sentence the trial court stated in response to the argument of defense counsel that defendant had reformed, that: "He certainly must have changed within the last few months, I will say that for him. I had him in court here where he came in and testified. If I ever heard perjury, it was certainly in that case. He came in and told a cock and bull story under oath in that case." The court stated in its opinion, with reference to the statement of the trial judge: "It is argued at length that the statement of the trial judge regarding the perjury of the defendant in the previous case is prejudicial to the rights of the defendant. The record of the presentence hearing is such that the sentence is clearly within the court's discretion even if the perjury statement had been locked within the court's breast." The same may be said in the instant case. In Rose, the court also stated: "It is true that many of the arrests did not lead to a conviction of crime, but they are no less proper to be considered in arriving at the sentence to be imposed."

Also in State v. Rapp, *supra*, the defendant had entered a plea of guilty to a charge of burglary and the court delayed sentencing until a presentence investigation could be made. Prior to the sentencing, the trial court disclosed information that had come to it to the effect that defendant attempted to escape from the

county jail after his plea of guilty and before the pronouncement of sentence. The defendant contended that he had a right to refute or to explain the incident. In its opinion this court stated: "The case is controlled by State v. Rose, 183 Neb. 809, 164 N. W. 2d 646. In that case we said: 'It is a long accepted practice in this state that before sentencing a defendant after conviction a trial judge has a broad discretion in the source and type of evidence he may use to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by statute. * * * The latitude allowed a sentencing judge at a presentence hearing to determine the nature and length of punishment, other than in recidivist cases, is almost without limitation as long as it is relevant to the issue.'

"While we think it is immaterial here, it is noteworthy that defendant does not even contend in his briefs that the statement of the trial judge as to an attempted escape is false. It must be assumed, we think, that a trial judge knows the difference between information that is pertinent to the issue before him and that which is unfounded rumor." Likewise, in State v. Glouser, 193 Neb. 186, 226 N. W. 2d 134 (1975), the defendant appealed from a conviction of forgery upon a plea of guilty. The forgery involved the obtaining of funds from a savings association by use of an apparently stolen savings account book and a forged withdrawal slip. Defendant told the trial judge that she purchased the stolen passbook from a friend. The judge appeared to have disbelieved her story as to the source of the passbook and indicated by his remarks that it was stolen, although the reason for this belief was not shown in the record. The judge appeared to have considered in imposing sentence her refusal to reveal from whom the passbook was obtained. In support of the claim of excessiveness of sentence, the defendant asserted the use of "uncorroborated and unsubstantiated information, concerning the source of the subject pass

book" was indicative of an abuse of discretion; and also asserted that abuse of discretion was indicated by the claimed intemperate tone of the sentencing judge's remarks. The Supreme Court found the trial judge had not abused his discretion and in its opinion, quoting from Williams v. New York, 337 U. S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337, stated: " 'A sentencing judge, however, is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant - if not essential - to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial.' "

The record in this case is free from prejudicial error, and we affirm the judgment and sentence of the District Court.

AFFIRMED.

BOSLAUGH, J., concurs in result.