STATE OF NEBRASKA, APPELLEE, v. FRED A. RONFELDT,
APPELLANT.
246 N. W. 2d 215

Filed October 20, 1976.  No. 40607.

D. L. Pelton, for appellant.

Paul L. Douglas, Attorney General, and Judy K. Hoffman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

Defendant Ronfeldt appeals a sentence of 2 to 5 years in the Nebraska Penal and Correctional Complex imposed upon him by the District Court for Sarpy County following his plea of guilty to an amended charge of burglary of 15 color television sets and one microwave oven, claiming that the sentence was excessive and constituted an abuse of discretion on the part of the sentencing court.  He was originally charged with felonious entry in violation of section 28-533, R. R. S. 1943, which provides for imprisonment for not less than 3 nor more than 20 years; but as a result of plea bargaining with the deputy county attorney, he was arraigned and plead guilty to an amended charge of burglary under section 28-532, R. R. S. 1943, which carries a possible penalty of not more than 10 years nor less than 1 year, or by a fine not exceeding $500, or imprisonment in the jail of the county not exceeding 6 months.  We affirm.

Defendant is 24 years of age, divorced, and the father of a child. He claimed the whereabouts of his wife and child were unknown to him, but alleges in his brief that his wife was supportive of him during this criminal proceeding. Prior to the offense involved herein, he was more or less regularly employed in a woodworking firm in Council Bluffs, Iowa. Although his record reveals no prior felony convictions, it reflects previous criminal behavior, including assault and battery, intoxication, drunk driving, and contempt of court, all being misdemeanors. Defendant claims that these prior offenses arose out of altercations with his former wife, and were due to problems related to the use of intoxicating liquors during 1973 and 1974, at which time his marriage was breaking up. In April 1975, he was ordered by the divorce court to pay child support but has completely failed to do so. Although he attempts to explain his failure as caused by interruptions in his employment, it does not appear that he ever made any such payments, even while employed. After repeated failures to appear for conferences with his probation officer, the court found it necessary to issue a bench warrant in order to obtain the necessary information for the presentence report. His explanation for these failures to appear was that he had no transportation, but the record contains no explanation for his failure to attempt to contact his probation officer in some other manner, such as by telephone.

The defendant contends, notwithstanding, that he should have been placed on probation, or at least received a lesser sentence. At its sentencing of the defendant, the trial court specifically found that the defendant would engage in additional criminal conduct if placed on probation, or that a lesser sentence than imprisonment would depreciate the seriousness of the offense and promote disrespect for the law.

The applicable rules of law are well settled. The action of a trial court in denying probation and im-

posing a sentence in a criminal prosecution will not be disturbed on appeal unless the record shows an abuse of discretion. State v. Holzapfel, 192 Neb. 672, 223 N. W. 2d 670 (1974); State v. Keen, *ante* p. 291, 242 N. W. 2d 863 (1976). A sentence imposed within the statutory limits will not be disturbed on appeal unless an abuse of discretion appears on the record. State v. Atwater, 193 Neb. 669, 228 N. W. 2d 876 (1975); State v. Painter, 195 Neb. 183, 237 N. W. 2d 142 (1976).

There was no abuse of discretion on the part of the trial court, and its sentence should be affirmed.

AFFIRMED.