STATE OF NEBRASKA, APPELLEE, V.
HAROLD J. L. IRWIN, APPELLANT.

302 N.W.2d 386

Filed February 10, 1981. No. 43517.

Stephen A. Scherr, Adams County Public Defender, for appellant.

Paul L. Douglas, Attorney General, and Martel J. Bundy for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

Harold J. L. Irwin, the defendant and appellant herein, appeals to this court from an order entered by the District Court of Adams County, Nebraska, sentencing the defendant to six consecutive terms of imprisonment of 5 years each, stemming from his 1972 conviction on six counts of rape. We affirm.

While the factual background of this case is amply set out in our decision of *State v. Irwin,* 191 Neb. 169, 214 N.W.2d 595 (1974), we will restate the pertinent facts that are applicable to this appeal. On February 17, 1972, Irwin was convicted after a jury trial on six counts of rape and one count of robbery. The offenses for which the defendant was convicted occurred in or near Hastings in Adams County, Nebraska, on separate occasions dating from April 21, 1969, to February 21, 1971. Irwin was sentenced on March 10, 1972, to a term of 20 to 25 years' imprisonment on the robbery charge. With regard to the rape convictions, a separate proceeding was instituted under the sexual sociopath act, Neb. Rev. Stat. §§ 29-2901 to 29-2910 (Reissue 1975), which statute was subsequently repealed in 1979. In the original proceedings, the defendant was found to be a sexual sociopath and was committed to the Nebraska Penal and Correctional Complex for an indefinite period. The defendant thereafter appealed his conviction and sentence to this court, and we affirmed the decision of the trial court in *State v. Irwin, supra.*

In 1979 the sexual sociopath act under which the defendant had been committed was repealed. It was superseded and replaced by L.B. 378, the new mentally disordered sex offender act, now appearing as Neb. Rev. Stat. §§ 29-2911 to 29-2921 (Reissue 1979). Thereafter, the defendant was returned to the District Court for disposition pursuant to the provisions of the new statute.

On May 8, 1980, the trial court determined that the defendant was a mentally disordered sex offender

under the new law; that the disorder was treatable; and that the recommended treatment was available in Nebraska. The defendant was sentenced to consecutive terms of 5 years each on the six rape convictions, each sentence to run consecutive to the other and concurrently with the balance of defendant's robbery sentence. The District Court also granted the defendant a credit of 8 years and 220 days on the aforementioned sentences for time spent in custody.

Irwin has appealed to this court, assigning as error: (1) That the District Court erred in imposing an indeterminate sentence of 20 to 25 years for the robbery conviction; (2) The court exceeded its discretion by imposing consecutive sentences of 5 years each for six counts of rape; and (3) The appellant's right to constitutional due process and equal protection is denied by imposition of a sentence under the new mentally disordered sex offender act.

At the outset, we note that § 29-2921, the statute under which the defendant was sentenced, states: "All persons now committed under Chapter 29, article 29, as either a sexual psychopath or a sexual sociopath, shall forthwith be returned to the district court which committed them for review and disposition consistent with the terms of section 29-2911 to 29-2921." The proceeding from which this case is appealed was instituted in the District Court pursuant to the directive found in the aforementioned statute in order to review the defendant's 1972 commitment as a sexual sociopath.

In his brief on appeal, the defendant would have us review his 1972 robbery sentence. This we cannot do. Section 29-2921 calls for the review of commitments made under the sexual sociopath law alone, and in no way authorizes this court, or the District Court, to review a conviction or sentence which is unrelated to the defendant's status as a sexual sociopath. The defendant's original commitment, based on the six rape charges was made under the old sexual sociopath act in a separate and distinct proceeding from the

criminal proceedings in which he was sentenced for the robbery conviction. The crime of robbery is not a sex offense. We are convinced that the new mentally disordered sex offender act does not authorize the courts of this state to review criminal proceedings unrelated to a defendant's status as a sex offender. The defendant already has had an opportunity to and did have his robbery conviction reviewed by this court in *State v. Irwin, supra,* and the opinion in that case clearly states that all *seven* offenses were before the court in that appeal.

Defendant's second assignment of error alleges that the trial court exceeded its discretion by imposing consecutive sentences of 5 years each on the six rape convictions. In *State v. Bridgmon,* 196 Neb. 714, 717, 246 N.W.2d 57, 59 (1976), this court stated: "The rule is firmly established in this state that in the absence of an abuse of discretion, a sentence imposed within statutory limits will not be disturbed on appeal." See, also, *State v. Painter,* 195 Neb. 183, 237 N.W.2d 142 (1976). While this court undoubtedly has the authority to reduce the sentences imposed upon the rape counts, we find no circumstances requiring or persuading us to do so in this case. We note that the defendant was originally convicted of rape under Neb. Rev. Stat. § 28-408 (Reissue 1964), since superseded by Neb. Rev. Stat. § 28-319 (Reissue 1979). Section 28-408, then in effect, provided for a penalty of imprisonment for a period not less than 3 years nor more than 20 years in the Nebraska Penal and Correctional Complex. At sentencing, the trial court imposed a penalty which was well within the statutory limits. The seriousness of the offenses committed by the defendant fully justified the six sentences imposed by the trial court. There was no abuse of discretion by the trial court in this case, and the sentences it imposed are approved.

Finally, we consider defendant's contentions with regard to the unconstitutionality of the new mentally

disordered sex offender act, in that the imposition of a sentence under that act deprives him of constitutional due process and equal protection of the law. We decline to review the issue of constitutionality of the statute in this appeal for several reasons. First, we have carefully reviewed the record of the proceedings before the District Court, and it is clear that the defendant did not raise the issue of the unconstitutionality of the statute in that proceeding, but raises it for the first time in this appeal. The general rule is stated in *State v. McConnell*, 201 Neb. 84, 89, 266 N.W.2d 219, 221 (1978), where we stated: "Defendant did not raise the constitutional issue in the trial court. It is raised for the first time on appeal. For a question of constitutionality of a statute to be considered in this court it must be properly raised in the trial court. If it is not raised in the trial court, it will be considered as waived in this court." See, also, *State v. Jacobsen*, 194 Neb. 105, 230 N.W.2d 219 (1975).

Second, it appears that the defendant is not at present facing any disadvantage under the statute in question. The defendant's constitutional arguments are difficult to follow, but it appears that he bases his contention of unconstitutionality on § 29-2920, under which section the state is required to notify the county attorney of the county where the mentally disordered sex offender was convicted within 90 days prior to the pending release from custody, and the county attorney is then required to commence a mental health board commitment proceeding against the offender. Defendant argues that under this procedure a person convicted of a sexual offense is subject to being recommitted in the mental health proceeding, which, defendant argues, constitutes double jeopardy inasmuch as it has been held that such confinement is in effect criminal punishment. Finally, defendant argues that the right of a convicted mentally disordered sex offender to request review of his case by the parole board is eliminated

because of the threat of a future mental health board commitment.

It is clear at the present time no such action for commitment has been filed or is pending against the defendant, and, in fact, may never be filed against him in view of the fact of the rather extensive sentences which he must serve on the various charges for which he had been convicted. However, even if the defendant should face commitment proceedings under the alleged unconstitutional statute, he will at that time have the opportunity to present his constitutional claim, and also an opportunity to appeal any adverse ruling to the District Court pursuant to the provisions of Neb. Rev. Stat. § 83-1043 (Reissue 1976) and to the Nebraska Supreme Court pursuant to Neb. Rev. Stat. § 24-204 (Reissue 1979). At that time the court would be presented with properly framed issues and would have the advantage of a District Court ruling on the claim. As stated in *State ex rel. Nelson v. Butler*, 145 Neb. 638, 651, 17 N.W.2d 683, 691-92 (1945): "It is firmly established as the universal rule that a person 'may attack the constitutionality of a statute only when and so far as it is being or is about to be applied to his disadvantage; and to raise the question he must show that the alleged unconstitutional feature of the statute injures him and so operates as to deprive him of a constitutional right . . . .' [Citation omitted.] We have held that, 'A party to a suit will not ordinarily be permitted to attack the constitutionality of a statute in a case where his rights and interests are not invaded or affected by its provisions.' *State v. Brandt*, 83 Neb. 656, 120 N.W. 196."

For the above reasons, therefore, we conclude that the issue of the constitutionality of § 29-2920 cannot be considered in this appeal, and must be deferred at this time.

There being no other errors appearing in the record, the judgment and sentences of the District Court must be, and hereby are, affirmed.

AFFIRMED.