STATE OF NEBRASKA, APPELLEE, V.
RODNEY D. PORTER, APPELLANT.

310 N.W.2d 926

Filed October 9, 1981. No. 43906.

James W. Symonds of Cronin, Hannon & Symonds for appellant.

Paul L. Douglas, Attorney General, and Shanler D. Cronk for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

Defendant was sentenced to a term of probation for a November 5, 1978, burglary. The statute covering this crime in effect at the time was Neb. Rev. Stat. § 28-532 (Reissue 1975), which provided for a possible sentence of from 1 to 10 years' imprisonment in the Nebraska Penal and Correctional Complex. Following an appropriate hearing his probation was revoked and he was thereafter sentenced to a term of not less than 3 nor more than 10 years' incarceration in the penal complex. He has appealed from that sentence, assigning as errors that the trial court considered certain confidential letters addressed to the trial judge, contrary to Neb. Rev. Stat. § 29-2261(3) (Reissue 1979); that the sentence was excessive; and that the court failed to give defendant credit for 34 days in jail served prior to the sentencing. The maximum sentence

imposed upon the defendant was the maximum permitted by statute, and under the rule in *State v. Rathbun,* 205 Neb. 329, 287 N.W.2d 445 (1980), credit for jail time must be given. The State concedes this point. The defendant agrees that the evidence was sufficient to revoke his probation and he does not contest this finding by the trial court, and we agree that the record supports such conclusion.

The letters complained of were from the mother and grandmother of the defendant's girl friend, reciting several incidents of cruel, vicious, and perverted acts of violence directed against the latter by the defendant. At the time of sentencing the district judge stated that he would consider those letters only as an indication that the defendant had not done much to correct the situation that was "evaluated as existing" at the time of the original sentence of probation. The defendant's counsel was allowed to examine and read these letters prior to the final sentencing and, although he had every opportunity to do so, neither he nor the defendant made any effort to refute the facts alleged in those letters. The only objection made was that the letters were hearsay and that they were not authorized by statute as a type of information proper for a presentence investigation.

By the very nature of a presentence investigation report, it is necessary to rely to a great extent upon hearsay information. Furthermore, § 29-2261(3) provides in part that a presentence investigation and report shall include "any other matters that the probation officer deems relevant or the court directs to be included." We have held on numerous occasions that before pronouncing sentence a trial judge has broad discretion in the source and type of evidence he may use to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by statute. We have gone so far as to say that the latitude allowed a sentencing judge in such instances is almost without limitation as long as it is

relevant to the issue. *State v. Stranghoener*, 208 Neb. 598, 304 N.W.2d 679 (1981); *State v. Rose*, 183 Neb. 809, 164 N.W.2d 646 (1969). There is no merit to this assignment of error.

As to the claimed excessiveness of sentence imposed, it is axiomatic that absent an abuse of discretion we will not disturb the action of the trial court in imposing a sentence within the statutory limits. *State v. Bosak*, 207 Neb. 693, 300 N.W.2d 201 (1981).

Defendant's record commenced in 1973, at which time he was 13 years of age. He was sent to Boys Town for mail theft, from which institution he ran away on four different occasions. He was also committed to the Youth Development Center from which he escaped, stole an automobile, and was convicted and sentenced to 4 months in jail. He was convicted of burglary and served 3 weeks in jail. He was again committed to the Youth Development Center and was eventually discharged. In 1977 he was convicted of auto theft and sentenced to 1 year in the Nebraska Penal and Correctional Complex. There was no abuse of discretion by the trial court in the imposition of the sentence in this case.

The judgment and sentence of the District Court is affirmed, except that defendant shall be given credit for 34 days' jail time previously served.

AFFIRMED AS MODIFIED.