REQUESTED BY: Senator Steve Fowler Nebraska State Legislature 1402 State Capitol Lincoln, Nebraska 68509
Dear Senator Fowler:
This is in response to your letter concerning the provisions of LB 78 which is currently before the Legislature. LB 78 requires that the prosecuting attorney in certain cases consult with the victim prior to entering a plea agreement. The proposed legislation would also require that statements of the victim be included in the presentence report.
First, you have asked whether the mandatory inclusion of statements of the victim in the presentence report without affording the defendant the opportunity to cross-examine the victim concerning the statements could constitute a denial of due process. The sentencing judge has broad discretion concerning the evidence that he can consider in imposing a sentence. In fact, the latitude allowed a sentencing judge in such instances is almost without limitation as long as it is relevant to the issue. State v. Porter,209 Neb. 772, 310 N.W.2d 926 (1981). By the very nature of a presentence investigation report, it is necessary to rely to a great extent upon hearsay information. State v. Porter,supra. Therefore, under the current law, the judge would be entitled to consider statements by the victim or to have them included in the presentence report. The Nebraska Supreme Court has previously determined that since the presentence investigation has nothing to do with the issue of guilt, the rules governing due process with respect to the admissibility of evidence are not the same in a presentence hearing as in a trial in which guilt of innocence is the issue, and that the due process clauses of the state and federal Constitutions do not require that a person be given the opportunity to confront and cross-examine witnesses concerning statements contained in the presentence report considered by the judge in accordance with a state statute in determining the sentence to impose pursuant to the wide discretion vested in the judge under the law. State v. Rose,183 Neb. 809, 164 N.W.2d 646 (1969). The mandatory requirement that statements of the victim be included in the presentence report would not alter these previous decisions and the inclusion of such statements without the opportunity to confront and cross-examine the victim concerning the statements would not be a denial of due process.
Your second question is whether the statements of a victim included in a presentence report would be discoverable under the rules of civil procedure for use in a subsequent civil trial. As amended by LB 78, § 29-2261(6) would provide:
 Any presentence report or psychiatric examination shall be privileged and shall not be disclosed directly or indirectly to anyone other than a judge, probation officers to whom an offender's file is duly transferred, or others entitled by law to receive such information.
 The court may permit inspection of the report of examination of parts thereof by the offender or his or her
attorney, or other person having a proper interest therein, whenever the court finds it is in the best interest of a particular offender. The court may allow fair opportunity for an offender to provide additional information for the court's consideration.
Under this portion of the act, the contents of the presentence investigation are privileged. It would, therefore, appear that a statement of the victim would not be discoverable for use in a subsequent civil action under the discovery rules promulgated by the Nebraska Supreme Court. Rule 26(b)(1). However, the release of such information is left to the trial court's discretion, and in a proper situation the trial court may allow the offender to inspect the report. Hence, the offender might have an opportunity to be aware of the statements made by the victim and their contents.
Your final question is whether the restriction placed on plea bargaining and the mandatory inclusion of statements by the victim in the presentence report violate the separation of powers doctrine. Section 2 of LB 78 requires that the county attorney consult with the victim of specified crimes prior to reaching a plea agreement. This does not place any restrictions on the county attorney's ability to exercise his discretion. The county attorney, in his discretion, may enter a plea agreement on terms he considers appropriate, after the required consultation with the victim, even though such action might be contrary to the victim's wishes. The same is true of Section 3 of LB 78 in regard to prosecutions of a violation of a city or village ordinance enacted in conformance with § 39-669.07 or39-669.08. Section 4 of LB 78 establishes the requirements that a statement by the victim be included or that the victim be given an opportunity to submit a statement to be included in the presentence report submitted to the sentencing judge. This does not affect the judge's ability to rely on the victim's statement to the extent that the judge feels is appropriate, or to rely on whatever other information the judge feels is relevant in making the sentence determination. Hence, the mere requirement that a certain item be included in the presentence report would not infringe upon the exercise of the power of the judiciary to impose sentences. Therefore, the provisions of LB 78 do not violate the separation of powers doctrine.
Very truly yours, PAUL L. DOUGLAS Attorney General Sharon M. Lindgren Assistant Attorney General