STATE OF NEBRASKA, APPELLEE, V. HERBERT L. RICHTER,
APPELLANT.

214 N. W. 2d 16

Filed December 21, 1973. No. 39117.

Charles F. Fitzke and James T. Hansen, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard
L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

A jury in a criminal prosecution found Herbert L.
Richter guilty of assault with intent to inflict great
bodily injury and of assaulting or resisting a law en-
forcement officer. Richter appeals. He contends that
the court erred (1) in ruling that testimony of a defense
witness would waive the self-incrimination privilege
invoked by the witness, and (2) in refusing him and
his counsel permission to examine the presentence re-
port. Other contentions are not persuasive.

The first contention is not that the witness, who
also occupied the equivalent of the chair of a code-
fendant, waived his privilege. Richter argues that the

single difference between a witness for the State and a witness for the defendant should affect standards relating to the privilege against self-incrimination. The argument is not well taken. See State v. Holloway, 187 Neb. 1, 187 N. W. 2d 85 (1971) (by implication).

The second contention is based upon a statutory provision that a presentence report is privileged. Under the provision the "court may permit inspection of the report or examination of parts thereof by the offender or his attorney, or other person having a proper interest therein, whenever the court finds it is in the best interest of a particular offender." § 29-2261(5), R. S. Supp., 1972.

The statutory provision codifies a rule of discretion in the trial court. The predicament faced by a court with that discretion has been noted:

"It seems an unusual kind of discretion to give, for it is difficult for the court to exercise it in an intelligent fashion. The reason for disclosure is the fear that the report may be incomplete or inaccurate, and yet these flaws will hardly appear on the face of the document." 2 Wright, Federal Practice and Procedure, § 524, p. 399 (1969). Compare United States v. Carden, 428 F. 2d 1116 (8th Cir., 1970); ABA Standards Relating to Sentencing Alternatives and Procedures, Approved Draft, 1968, § 4.4, p. 213; ALI, Model Penal Code, § 7.07(5), p. 118 (1962), and Tentative Draft No. 2, Comment at 54 (1954).

The District Court possesses a discretion, but no good reason comes to mind for denying defendant or his attorney access to that part of the report which notes any prior record of arrests and convictions. Should the court grant access to the report or part of it, the court at the request of defendant may hold an in camera hearing.

The court sentenced Richter to imprisonment for a period of 2 years on Count I and to pay a fine of $500 on Count II. The minimum and maximum punishments

for the offense charged in Count I are imprisonment for 1 to 20 years, and in Count II, a fine up to $500, imprisonment up to 1 year, or both. §§ 28-413 and 28-729.01, R. S. Supp., 1972.

We have examined the presentence report relating to Richter and have concluded that the trial court erred in denying defendant or his counsel access to the part relating to the record of prior arrests and convictions. Under the circumstances, however, the error was harmless. Otherwise the ruling was within the discretion of the court.

Attention is invited to our Rule 7h as amended December 6, 1973: "In all cases where a presentence report may be material on appeal, the defendant, his counsel, or counsel for the State, may request the sentencing judge to forward it to the Clerk of the Supreme Court. In each instance, the sentencing judge shall forward it with the record to the Clerk in a separate sealed envelope. The defendant, his counsel, or counsel for the State may examine the report but it may not be removed from the office of the Clerk."

The judgment is affirmed.

AFFIRMED.