STATE OF NEBRASKA, APPELLEE, V. RICHARD W. CARR, APPELLANT.

233 N. W. 2d 773

Filed October 9, 1975. No. 39887.

T. Clement Gaughan and Paul M. Conley, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

SPENCER, J.

Defendant, Richard W. Carr, pled guilty to two counts of burglary. He was sentenced to terms of 3 to 5 years in the Nebraska Penal and Correctional Complex on each of the two counts. The sentences were to run concurrently but were made consecutive to the term then being served by said defendant. Defendant appeals, alleging the court erred in failing to make the sentences

concurrent with the one now being served by him, and that said sentences are excessive. We affirm.

Defendant, who is only 20 years of age, has a very extensive record. As a juvenile he was involved in several auto thefts and burglaries. He is presently serving a 2 to 4 year sentence in the Nebraska Penal and Correctional Complex for a Jefferson County burglary. While being held in the county jail in Jefferson County, he attempted escape on three separate occasions and literally tore up the jail. It was necessary that he be transferred to the Nebraska Penal and Correctional Complex as a safekeeper pending the processing of the burglary charge. At the time of the Jefferson County burglary the defendant was out on bond on the charges involved in this prosecution. During the pendency of the present charges the record indicates that he also was fined in the Jefferson County court on a charge of possession of marijuana.

Section 28-532, R. R. S. 1943, under which defendant was sentenced herein, provides for a penalty of imprisonment for not more than 10 nor less than 1 year. Defendant pled guilty to two counts of burglary after a plea bargain by which the county attorney dismissed another count then pending against him. The sentences on these two counts were made concurrent, so for all practical purposes defendant received one sentence. Defendant's sentences are well within the statutory limits. We have repeatedly held that where the punishment of an offense created by statute is left to the discretion of the court to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed on appeal unless there appears to be an abuse of discretion. State v. Atwater (1975), 193 Neb. 669, 228 N. W. 2d 876. On the record, the sentences are not excessive and the court did not abuse its discretion.

Defendant complains that the sentence imposed herein should have been made to run concurrently with his Jefferson County sentence. It is within the discretion of

the District Court to direct that sentences imposed for separate crimes be served consecutively. State v. Rodman (1974), 192 Neb. 403, 222 N. W. 2d 109. In this instance, the crime for which defendant is now serving time in the Penal Complex was committed while the defendant was free on bond, pending trial of the present offenses. To make these sentences concurrent to the one now being served would condone such conduct. The District Court did not abuse its discretion in making the present sentences consecutive to the one now being served.

The judgment is affirmed.

AFFIRMED.