STATE OF NEBRASKA, APPELLEE, v. TERRY MAC PURVIANCE, APPELLANT.

STATE OF NEBRASKA, APPELLEE, v. LEE CHARLES BLODGETT, APPELLANT.

STATE OF NEBRASKA, APPELLEE, v. RANDY BRUCE BUCKLEY, APPELLANT.

233 N. W. 2d 788

Filed October 16, 1975. Nos. 40005, 40006, 40007.

Robert L. Gilbert, for appellants.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-Cown, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

McCown, J.

The defendant, Terry Mac Purviance, pleaded guilty to burglary. The defendant, Lee Charles Blodgett, pleaded guilty to receiving stolen property. The defendant, Randy Bruce Buckley, pleaded guilty to grand larceny. Each of the defendants was sentenced to 1 year imprisonment. The cases were consolidated on appeal to this court. The cases were all based on the same factual occurrence and each defendant contends only that his sentence is excessive and that probation should have been granted.

The record in these cases shows that the three defendants were riding around the countryside in Blodgett's car on the night of November 22, 1974. They saw a man, who was reputed to keep large sums of money in his farmhouse, leave the house to go to work. The defendants decided that Purviance and Buckley would break into the farmhouse while Blodgett remained in the car. The two pried the lock off the door, broke into the house, and took $1,000 in currency which they found in a can in the refrigerator, and they also took a shotgun and shells, a bridle and spurs, and various tools. When Purviance and Buckley returned from the house, they gave Blodgett $200 of the stolen currency and divided the rest. Purviance retained the items of personal property in addition to his share of the currency.

The defendant Purviance was 22 years of age, had a high school education, was married, and had five dependents. He had no prior criminal record except for one charge, which had been dismissed. The defendant Blodgett was 22 years of age, had a ninth grade education, was married, and had one child. He had one prior felony conviction and two misdemeanor convictions. The defendant Buckley was 19 years old, had

completed high school, and was single. He had two misdemeanor convictions but no felony record.

The court, at the time of sentencing, determined that so far as culpability was concerned, the defendants were all equally at fault. The trial judge also felt that all three of the defendants very likely would successfully complete a probationary term. He also determined that breaking into a farm home under the circumstances here was a serious offense, and that a sentence of probation would depreciate the seriousness of the crime and would promote disrespect for the law. The sentence of each defendant was 1 year imprisonment, the minimum sentence for each of the offenses.

The defendants each contend that his sentence is excessive and that he should have been placed on probation rather than to receive any sentence of imprisonment.

The court in sentencing these defendants specifically stated his approval of probation wherever it might be justified and effective, as well as indicating his belief that the three defendants here would be likely to complete successfully a probationary term. He also specifically found however that the granting of probation in these cases would tend to depreciate the seriousness of the offense and promote disrespect for law among the public. That is a specific statutory reason authorizing the imposition of imprisonment rather than probation. § 29-2260(2)(c), R. S. Supp., 1974. We cannot say that finding is wrong.

Inevitably there are cases in which the decision to grant or not to grant probation is one of delicate balance and in those cases the judicial discretion of the trial court should be accorded great weight. This court will not overturn an order of the trial court which denies probation unless there has been an abuse of discretion. State v. Frans, 192 Neb. 641, 223 N. W. 2d 490. We cannot say that the trial court abused its discretion here.

The judgments are affirmed.

AFFIRMED.