STATE OF NEBRASKA, APPELLEE, v. PAUL R. SWAILS, APPELLANT.

238 N. W. 2d 246

Filed February 5, 1976. No. 40204.

Paul E. Watts, J. Joseph McQuillan, Gerald E. Moran, and Robert C. Sigler, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

The defendant pleaded nolo contendere to a charge of assault with intent to inflict great bodily injury. He was found guilty by the District Court and sentenced to the Division of Corrections for an indeterminate period of not less than 1 nor more than 2 years. The statutory penalty is not less than 1 year nor more than 20 years. The sole issue is the excessiveness of the sentence.

The record shows that the defendant had been drinking for some hours before the offense occurred. Around 4 a.m., he met a girl in the coffee shop at the bus

station and requested her assistance in getting a suitcase out of his car. When they got outside, the defendant proceeded to beat the girl severely and violently for no apparent reason. The victim suffered facial lacerations, multiple bruises, and severe swelling around her lips and both eyes. She was hospitalized for several days for treatment of the injuries.

The defendant was 24 years old with a high school education and no previous criminal record except minor traffic offenses. He had served in the military service for 2 years and had received an honorable discharge. He was regularly employed with a good work record.

The defendant contends that it was an abuse of discretion for the District Court to deny him probation. If we were to accept defendant's arguments, first offenders with a good prior record would be entitled to probation as a matter of right, regardless of the seriousness of the crime or of the violence used in its commission. The premise is unacceptable.

Our statutes specifically authorize the imposition of imprisonment rather than probation where the granting of probation will depreciate the seriousness of the offense or promote disrespect for law. § 29-2260(2)(c), R. S. Supp., 1974.

Under factual circumstances somewhat similar to those here, this court said: "Probation might have been appropriate except for the seriousness of the offense and the violence with which it was committed." State v. Radtke, 193 Neb. 853, 229 N. W. 2d 209. Inevitably there are cases in which the decision to grant or not to grant probation is one of delicate balance and in those cases the judicial discretion of the trial court should be accorded great weight.

This court will not overturn an order or sentence of the trial court which denies probation unless there has been an abuse of discretion. State v. Purviance, 194 Neb. 541, 233 N. W. 2d 788. We cannot say that the

trial court abused its discretion here. The judgment is affirmed.

AFFIRMED.