STATE OF NEBRASKA, APPELLEE, V. JEFFERY B. KEEN, APPELLANT.

242 N. W. 2d 863

Filed June 2, 1976. No. 40459.

John A. Wolf of Cronin, Shamberg & Wolf, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before WHITE, C. J., SPENCER, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

BRODKEY, J.

The appellant, Jeffery B. Keen, pleaded guilty to a charge of assault with intent to inflict great bodily injury. The District Court accepted his plea, and, after considering a presentence report, sentenced Keen to the Nebraska Department of Corrections for a period of 3 to 5 years. Keen claims the sentence was excessive, challenging the length of the sentence and the fact that probation was not granted.

A sentence imposed within the statutory limits will not

be disturbed on appeal unless there appears to be an abuse of discretion. State v. Carr, 194 Neb. 485, 233 N. W. 2d 773 (1975); State v. Glouser, 193 Neb. 186, 226 N. W. 2d 134 (1975). Likewise, an order or sentence of the trial court denying probation will not be overturned on appeal unless there has been an abuse of discretion. State v. Swails, 195 Neb. 406, 238 N. W. 2d 246 (1976).

The record indicates that Keen got off work around 5:30 p.m. and went to a local bar where he stayed until 10 or 11 p.m. when, admittedly drunk, he left and began walking home. Between the bar and his residence he encountered a 58-year-old woman who was walking to the post office to mail a letter. Keen pulled her into an alley, ripped her clothing, and threatened to cut her throat if she screamed. The victim said that Keen started hitting her with his fists and squeezing her arms and breasts. She suffered lacerations, multiple bruises, a blackened eye, and severe swelling of the right side of her face.

Appellant was a 19-year-old high school graduate with no previous felony record at the time of the beating. He had a minor driving offense from 1973 on his record and had been adjudged a neglected child by the county court of Howard County nearly 2 years earlier. Keen was, at the time of the incident and sentencing, living with a woman whom he has since married and is supporting. When the assault occurred, his future wife was 4 months pregnant, and since the sentencing she has had the baby. Keen claims to recall little of the incident, but says he does remember that he hit the woman only once. His wife saw the incident which occurred behind their residence and frightened Keen away when she shouted at him. Later that evening when she attempted to speak with Keen about the assault, he slapped her and threatened her father and 7-year-old child by a previous marriage.

Keen contends that because he has a job, was a first

offender, has dependents who will suffer from his imprisonment and may be unlikely to engage in additional criminal activity, the trial court should have granted probation. The trial judge found in his denial of motions for a new trial and a reduction in sentence that probation would depreciate the seriousness of the offense or promote disrespect for the law. See § 29-2260(2)(c), R. S. Supp., 1974.

Keen was originally charged with assault with intent to commit rape. The complaint was amended to charge assault with intent to inflict great bodily injury for which the possible penalty is 1 to 20 years. § 28-413, R. S. Supp., 1974. The seriousness of the offense and the violence with which it was committed are appropriate factors to consider in denying or granting probation. State v. Swails, *supra*. Photographs of the victim after the assault indicate that the assault was brutal and the effects of the beating were serious. The record shows no abuse of discretion and the decision of the trial court as to sentence term and imprisonment is affirmed.

AFFIRMED.