STATE OF NEBRASKA, APPELLEE, V. JOHN D. SCHLEIS,
APPELLANT.
243 N. W. 2d 50

Filed June 9, 1976.  No. 40393.

Toney J. Redman, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

WHITE, C. J.

The defendant, after pleading nolo contendere, was convicted of conspiring to possess amphetamines with the intent to deliver, in violation of section 28-4,129, R. S. Supp., 1974. The District Court sentenced the defendant to 1 year in the Nebraska Penal and Correctional Complex. The defendant's sole contention on appeal is that the sentence is excessive. The defendant believes that he should have been granted probation. We affirm the judgment and sentence of the District Court.

In State v. Swails, 195 Neb. 406, 238 N. W. 2d 246, we said: "This court will not overturn an order or sentence of the trial court which denies probation unless there has been an abuse of discretion."

The presentence investigation indicates that the defendant has a long involvement in drug traffic. By his own admission, he became involved in the drug business in about June 1974. He met another drug dealer and became involved "heavily" in selling amphetamines. By

his own admission, he became involved in a deal in which his partner went to California to purchase drugs, and the amount of money involved in this deal was around $10,000. He states that at that time he "quit being the middle man or small." He borrowed about $1,200 from a friend in order to pursue the business. He admits that in August 1974 he got "busted" for a sale of drugs. He states subsequent to August 1974 that he and his roommates became brokers and would bring in the drugs and pass them on to big dealers or distributors. He made three trips to California himself for the purchase of drugs. The record reveals that on one of these transactions, probably the one just mentioned, he was arrested and the case was disposed of by his pleading guilty to a reduced charge. We observe that as a part of the plea bargain in the present case a charge of possession of drugs with intent to deliver was dismissed.

Considering the nature of the offense, and the indicated persistence in the same conduct, there does not appear any abuse of discretion by the District Court in imposing the sentence that it did and denying probation.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.