STATE OF NEBRASKA, APPELLEE, v. EDWARD M. COX, APPELLANT.

246 N. W. 2d 482

Filed November 3, 1976. No. 40815.

T. Clement Gaughan and George R. Sornberger, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant was sentenced to 1 to 2 years in the Nebraska Penal and Correctional Complex after pleading guilty to the offense of delivering a controlled substance. Defendant prosecutes this appeal, contending the sentence is excessive and requesting probation. We affirm.

Defendant pled guilty to the sale of amphetamine tablets to an undercover agent. A second count in the information, charging a subsequent offense of delivery of a controlled substance, was dismissed pursuant to a plea bargain.

Edward M. Cox first came to the attention of the authorities as a juvenile. During the time he was under special supervision he was picked up for forgery, drinking, and glue sniffing, but was continued under special supervision. During 1969 and 1970, he was charged and convicted on 22 separate offenses, one of which was a complaint for sniffing glue, one for assault and battery, and one for forcibly resisting a police officer. The others involved traffic offenses. In addition to an assault and battery charge in 1971, defendant spent 60 days in jail in 1972 for delivering a controlled substance. In 1973, he was convicted of visiting a place where controlled substances were being used.

Defendant argues that imprisoning him will be of no benefit to him or to the interest of society. Suffice it to say, the authorities have been particularly lenient with the defendant. He has demonstrated the need for incarceration. His record is such there is no other alternative.

Defendant could have been sentenced to a term of not less than 1 year nor more than 5 years in the Nebraska Penal and Correctional Complex. In view of his previous record, a sentence of 1 to 2 years is in the minimal

range. He will be eligible for release after he has served 1 year, less any good time he is able to earn.

We have repeatedly held this court will not overturn an order or sentence of the trial court which denies probation unless there has been an abuse of discretion. State v. Schleis (1976), *ante* p. 327, 243 N. W. 2d 50. From the foregoing it is apparent there has been no abuse of discretion herein.

The judgment is affirmed.

AFFIRMED.