STATE OF NEBRASKA, APPELLEE, V. GARRETT E. WOUNDED HEAD, APPELLANT.

251 N. W. 2d 668

Filed March 16, 1977. No. 40880.

T. Clement Gaughan and Paul M. Conley, for appellant.

Paul L. Douglas, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

The defendant pleaded nolo contendere to a charge of assault with intent to inflict great bodily injury and was sentenced to 2 to 5 years imprisonment. The sole issue on appeal is whether the defendant's sentence was excessive.

Defendant was originally charged with one count of robbery and two counts of assault with intent to inflict great bodily injury, all arising out of an incident in the early morning hours of November 30, 1974. Sometime after 1 a.m., the defendant and three other men crashed a party at a house in Lincoln, Nebraska, but left in a short while. The four men returned about 3:30 a.m., and viciously assaulted two men in the house at that time. After the assault, they robbed the victims and removed cash, jewelry, and various items of property from the house, and damaged the house and contents extensively. Both victims required medical treatment at the hospital.

The defendant was actively involved in the incident although not quite so extensively as two of the others. The defendant pleaded nolo contendere to one count of assault with intent to inflict great bodily injury under a plea bargain which involved the dismissal of the robbery count and the other count of assault. The District Court accepted the plea and committed the defendant to the Division of Corrections for study and evaluation before sentencing.

The evaluation report by the diagnostic center team recommended imprisonment. The report noted that the 24-year-old defendant had a history of assaultive behavior when intoxicated and a failure to benefit from prior probationary and rehabilitative

programs. The report also noted that if sentenced to the Nebraska Penal and Correctional Complex the defendant would have the opportunity to receive assistance through the chemical dependency program and vocational skill training program.

The defendant offered testimony from a social worker at the sentencing hearing who expressed the opinion that it would be more appropriate to place the defendant in a community setting rather than to incarcerate him. The court considered all the alternatives and sentenced the defendant to 2 to 5 years imprisonment with credit for the 124 days he had already spent in custody.

The penalty for assault with intent to inflict great bodily injury is 1 to 20 years. In State v. Swails, 195 Neb. 406, 238 N. W. 2d 246, we affirmed a denial of probation and a prison sentence of 1 to 2 years on a charge of assault with intent to inflict great bodily injury. We referred to the fact that probation in that case might have been appropriate except for the seriousness of the offense and the violence with which it was committed. In the case now before us the violence was just as vicious, charges on two other counts were dismissed, and the defendant's prior record here was incomparably worse than Swails'. This court will not overturn an order or sentence of the trial court which denies probation unless there has been an abuse of discretion. See State v. Swails, *supra*. A sentence imposed within statutory limits will not be disturbed on appeal unless there is an abuse of discretion. State v. Coleman, 196 Neb. 721, 246 N. W. 2d 61. Those rules are clearly applicable here. The District Court did not abuse its discretion and the sentence is affirmed.

AFFIRMED.