STATE OF NEBRASKA, APPELLEE, V. RODNEY J. NICHOLS, APPELLANT.

254 N. W. 85

Filed May 25, 1977. Nos. 41150, 41151.

T. Clement Gaughan and George R. Sornberger, for appellant.

Paul L. Douglas, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

MCCOWN, J.

This is a consolidated appeal from two separate convictions for burglary. On the first conviction defendant was sentenced to a term of 1 to 2 years imprisonment and the court ordered that the sentence was to be consecutive to any sentence imposed on the second conviction, for which sentence had not been pronounced. On the second charge the court sentenced defendant to a term of 1 to 3 years imprisonment and ordered that the sentence be served prior to the sentence entered on the first conviction.

Defendant pleaded guilty to a charge of burglary for an offense which occurred in August 1975. On February 2, 1976, defendant was placed on 3 years

probation for that offense. One charge of revocation of probation for possession of amphetamines was dismissed on August 26, 1976. On October 6, 1976, defendant was charged with a violation of probation for possession of a firearm on August 21, 1976. On October 12, 1976, after dismissal of other probation violation charges under a plea bargain, the defendant pleaded guilty to the probation violation charge for possession of a firearm. He was sentenced to 1 to 2 years imprisonment on October 28, 1976, for the burglary conviction of 1975, to be served consecutively to any sentence imposed on a 1976 burglary offense then pending.

On October 5, 1976, while the above matters were pending, defendant was charged with a burglary which occurred on September 9, 1976. On October 12, 1976, another judge of the District Court accepted defendant's plea of guilty to that burglary. On November 1, 1976, a 1 to 3 year sentence was imposed for that burglary to be served prior to the sentence for the 1975 burglary.

Defendant contends that his sentences were excessive and that they should have been concurrent rather than consecutive. We disagree.

A sentence imposed within statutory limits will not be disturbed on appeal unless there is an abuse of discretion. State v. Wounded Head, *ante* p. 58, 251 N. W. 2d 668.

The action of the District Court in directing that sentences be served consecutively will not be disturbed on appeal unless the record shows an abuse of discretion. State v. Holloman, 197 Neb. 139, 248 N. W. 2d 15. There was no abuse of discretion here.

AFFIRMED.