STATE OF NEBRASKA, APPELLEE, V. DONALD B.
CHILDRESS, APPELLANT.

254 N. W. 2d 89

Filed June 1, 1977.   No. 41113.

William M. Berlowitz, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

Defendant, Donald B. Childress, who pled guilty to the offense of driving while under the influence of intoxicating liquor, third offense, prosecutes this appeal from a sentence of 1 to 3 years in the Nebraska Penal and Correctional Complex.   Defendant's only assignment of error is that the sentence is excessive.   We affirm.

Defendant premises his contention that the sentence is excessive on the fact that since his conviction he has made a sincere effort to rehabilitate himself.   The difficulty is that defendant's attempts are much too late.   The presentence and medical reports show that instead of being defendant's third offense, the one involved herein is actually his sixth.   In 1972, he was twice convicted of driving while under the influence.   On April 1, 1973, he was put on probation for 12 months for the same offense.   On November 2, 1974, he was fined by the Adams County court for driving while under the influence.   On July 11, 1975, he was put on probation in Adams County for the same offense.   The present offense occurred on

April 29, 1976, or less than 1 year from the last offense.

Defendant has been on probation four times since 1968, when he was put on probation for joy riding and a high speed chase. In 1969, he was put on probation for stealing property of the value of less than $100. On February 7, 1974, he was put on probation by the District Court for Lancaster County for 2 years for assault with intent to commit rape. One of the conditions of that probation was that he should abstain from the excessive use of alcoholic beverages. During that probation period he had two convictions for driving while under the influence. He was released from probation on February 10, 1976. The fourth probation was the one of July 11, 1975, by the District Court for Adams County, which was imposed while he was still on probation for the 1974 offense.

Pursuant to a plea bargain, two other counts, a misdemeanor charge of willful destruction of property and a felony charge of fleeing to avoid arrest, were dismissed, as was another driving while under the influence charge in the county court.

This court has repeatedly said that a sentence which is within statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. State v. Holloman, 197 Neb. 139, 248 N. W. 2d 15 (1976).

The court did not abuse its discretion herein. It gave the defendant a minimum sentence on his record. To have again placed defendant on probation would have been an abuse of the judicial process.

The judgment is affirmed.

AFFIRMED.