STATE OF NEBRASKA, APPELLEE, v. JAMES ADAMS,
APPELLANT.

255 N. W. 2d 280

Filed June 29, 1977. No. 40955.

A. Loy Todd, Jr., of Davis, Bailey, Polsky, Huff & Denney, for appellant.

No appearance for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

Defendant pleaded guilty in the municipal court of Lincoln, Nebraska, to a charge of driving on a suspended license. He was sentenced to 30 days in jail and his operator's license was suspended for a period of 1 year thereafter. On appeal the District Court affirmed the conviction and sentence, and defendant has appealed to this court.

On February 8, 1976, defendant was arrested for speeding. The arresting officer then discovered that defendant's license to operate a motor vehicle had been suspended for a period of 6 months on September 3, 1975. The basis for the license suspension was a point system violation arising out of five speeding convictions and one failure to yield the right-of-way violation occurring in the period between October 14, 1973, and June 17, 1975. A collision was involved in the failure to yield violation.

The defendant was 32 years old at the time of the offense here and had no adult record other than extensive traffic offenses. In the District Court defendant complained that the original presentence in-

vestigation report in the municipal court was negative because of a clash of personalities between the investigating officer and the defendant. The District Court therefore asked for a new presentence investigation report, gave the defendant and his counsel opportunity to review the report, and explain any portions of the report which counsel felt needed explanation. Both reports showed a juvenile record ending in 1960 when defendant was age 16. Military and family information was, of course, included but was of no particular significance.

The sentence of 30 days in jail and revocation of driver's license for a period of 1 year thereafter is the mandatory sentence for a first offense conviction under section 60-430.01, R. R. S. 1943. The District Court stated that the offense involved demonstrated a lack of respect for the law. Defendant's extended record of traffic violations was also an indication of a lack of regard for the safety of society.

Where the term of a sentence is mandatory, the only issue is whether or not the sentencing court abused its discretion in failing to grant probation. This court will not overturn an order or sentence of the trial court which denies probation unless there has been an abuse of discretion. State v. Wounded Head, *ante* p. 58, 251 N. W. 2d 668. There was no abuse of discretion here.

AFFIRMED.