STATE OF NEBRASKA, APPELLEE, V. MICHAEL FREDERICK, APPELLANT.

255 N. W. 2d 417

Filed June 29, 1977. No. 41042.

T. Clement Gaughan and Paul M. Conley, for appellant.

Paul L. Douglas, Attorney General, and John R. Thompson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

Defendant, Michael Frederick, prosecutes this appeal from a sentence of not less than 18 months nor more than 3 years in the Nebraska Penal and Correctional Complex. The sentence runs consecutive to a sentence rendered July 30, 1976. Defendant's only assignment of error is that the sentence is excessive. The offense was fraudulently passing an insufficient fund check in the amount of $930.78. We affirm.

Section 28-1213, R. R. S. 1943, under which defend-

ant was charged, provides for imprisonment in the Nebraska Penal and Correctional Complex not exceeding 10 years. The sentence imposed is well within the statutory limits. This court has repeatedly said that a sentence which is within statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. State v. Childress, *ante* p. 577, 254 N. W. 2d 89 (1977).

On March 17, 1976, defendant was placed on 3 years probation on an insufficient fund check charge. On April 30, 1976, defendant was arraigned on an information seeking the revocation of that probation. After hearing, defendant was found guilty of its violation. On July 30, 1976, he was sentenced to a term of imprisonment in the Nebraska Penal and Correctional Complex for a period of 1 year. He was serving that sentence when the present sentence was imposed on August 13, 1976. The presentence report indicates the checks written on this occasion total $3,805.83.

The court did not abuse its discretion herein. Defendant had a juvenile record of shoplifting, burglary, auto theft, and petit larceny. The juvenile court records reflect probation did not deter defendant from further transgressions. He was discharged from probation for juvenile offenses June 14, 1974. A month later he was convicted of petit larceny. In May 1975, he was charged with shoplifting, pled guilty, and on March 10, 1976, was sentenced to 15 days in jail. This charge was pending on appeal in the District Court at the time of the trial herein.

The present offense occurred within a month of the time defendant was placed on probation for a similar charge. On April 18 or 19, 1976, defendant opened a bank account with a $10 deposit. On April 19, 1976, he issued the check in the amount of $930.78 on that account. As of April 30, 1976, the bank had returned approximately $2,000 in insufficient fund checks drawn against this $10 deposit. It is apparent

probation not only failed to rehabilitate defendant but made it possible for him to prey on society.

Defendant argues that incarceration for a term consecutive to the term he is currently serving will be of no real benefit to the state, to society, and certainly of no benefit to him. We agree with the Attorney General that to have made this sentence concurrent with the prior sentence would have in effect imposed a lesser sentence on the second offense than on the first. Under the circumstances, defendant has received a minimal sentence. We have repeatedly said that it is within the discretion of the District Court to direct that sentences imposed for separate crimes be served consecutively. State v. Rodman, 192 Neb. 403, 222 N. W. 2d 109 (1974).

The judgment of the District Court is affirmed.

AFFIRMED.