STATE OF NEBRASKA, APPELLEE, V. NARCISCO TORRES,
APPELLANT.

255 N. W. 2d 424

Filed June 29, 1977.  No. 41204.

Keith N. Bystrom and Scott P. Helvie, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

Defendant was charged in the county court of Lincoln County, Nebraska, with driving while intoxicated, third offense, and driving while his license was suspended.  He was bound over to the District Court for trial.  In the District Court, under a plea bargain, defendant pleaded guilty to the charge of driving while intoxicated, third offense, and the charge of driving while his license was suspended and an additional charge for failure to appear in the county court were dismissed.  After presentence investigation and report, the District Court sentenced the defendant to 1 to 2 years imprisonment.

The defendant contends on appeal that the District Court abused its discretion in refusing to place defendant on probation.  The defendant has a 7th grade education, was 36 years old at time of trial, was twice divorced, and was a self-employed tree trimmer.  His record included four prior convictions

for driving while intoxicated. The last two of these convictions, one in 1974 and one in 1975, were used as the basis for the third offense charge here. His record also shows conviction for intoxication extending back to 1968, and one or two misdemeanors, obviously alcohol related. Defendant argues that the sentencing court relied upon prior convictions for driving while intoxicated where the record fails to show that such convictions were constitutionally valid. The defendant, however, does not allege any specific facts to contradict the constitutional validity of any of the charges. The offenses complained of were not used as the basis for the third offense conviction here, nor is there any evidence that any of such offenses were constitutionally defective. Defendant's argument on this point is untenable.

The penalty for driving while intoxicated, third offense, is 1 to 3 years imprisonment, plus license suspension. The defendant's sentence was 1 to 2 years and clearly within sentence limits. A sentence imposed within statutory limits will not be disturbed on appeal unless there is an abuse of discretion. State v. Childress, *ante* p. 576, 254 N. W. 2d 89. This court will not overturn an order or sentence of the trial court which denies probation unless there has been an abuse of discretion. State v. Wounded Head, *ante* p. 58, 251 N. W. 2d 668.

Defendant's remaining assignments of error are without merit. The evidence fails to establish an abuse of discretion by the trial court.

AFFIRMED.