STATE OF NEBRASKA, APPELLEE, V. WALTER ANTHONY CAREY, APPELLANT.

258 N. W. 2d 141

Filed October 12, 1977. No. 41286.

Padley & Dudden, for appellant.

Paul L. Douglas, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

The defendant, William Anthony Carey, pleaded guilty to a charge of unlawful possession of marijuana with intent to distribute. The District Court imposed a sentence of not less than 1 year nor more than 2 years imprisonment and a fine of $2,000. In this appeal the defendant contends that the sentence was excessive; that it was based upon erroneous information in the presentence report; and that he was therefore denied due process.

At the time of his arrest the defendant was the driver of a pickup camper which contained 43 burlap bags of marijuana weighing 2,086 pounds. The defendant knew that the truck contained marijuana and told officers he was to receive $5,000 for driving. Following his guilty plea and the filing of a presentence investigation report, the defendant was sentenced to 1 to 2 years imprisonment and fined $2,000. The statutory penalty provides for a sentence of not less than 1 year and not more than 5 years imprisonment, or a fine of not more than $2,000, or both.

The defendant was 26 years old, single, and a resident of Vermont at the time of his arrest. He worked as a carpenter during the summer months and took odd jobs during the off-season. The presentence investigation report discloses one prior conviction for petit theft in California in 1972, for which the defendant was placed on 6 months probation.

The focus of defendant's argument on appeal rests on the assertion that the presentence investigation report erroneously failed to mention that the Cali-

fornia conviction had been set aside after successful completion of probation. There is nothing in the record to substantiate the claim that the California conviction was, in fact, set aside. There is nothing in the record to indicate that the defendant or his counsel asked to inspect the presentence investigation report, nor that a request was ever denied. The record does establish that the sentencing court treated the offense now before us as a first offense.

It is an abuse of discretion for the trial court to deny defendant or his counsel access to that part of the presentence investigation report relating to the record of prior arrests and convictions. State v. Richter, 191 Neb. 34, 214 N. W. 2d 16.

The statute makes the inspection of a presentence report by the defendant or his attorney discretionary with the trial court. That discretion is reviewable in this court, but the record must show that a request to examine the report was made and that the defendant or his attorney were denied an opportunity to examine the presentence report. See State v. Keller, 195 Neb. 209, 237 N. W. 2d 410.

Many District Judges extend an opportunity to inspect the presentence report even without a request. Under such circumstances it is only reasonable to assume that a defendant and his attorney have been given an opportunity to inspect the presentence report. A silent record does not create a presumption that a defendant has not had an opportunity to inspect the presentence report, much less that he has affirmatively requested inspection and had the request denied. In the absence of a record the only reasonable assumption is that the District Court performed its duties according to law.

The defendant contends that his sentence is excessive in any event. The quantity of marijuana involved here, its street value in the illicit drug trade, and the defendant's deliberate involvement in large scale criminal activity for financial gain are more

than sufficient to justify a denial of probation. The sentence of 1 to 2 years was well within statutory limits. A sentence imposed within statutory limits will not be disturbed on appeal unless there is an abuse of discretion. State v. Wounded Head, 198 Neb. 58, 251 N. W. 2d 668. There was no abuse of discretion here.

AFFIRMED.