STATE OF NEBRASKA, APPELLEE, v. STEVE GARLAND, APPELLANT.

259 N. W. 2d 481

Filed November 16, 1977. No. 41508.

T. Clement Gaughan and Toney J. Redman, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

Steve Garland, defendant and appellant herein, was charged with two counts of burglary under section 28-532, R. R. S. 1943. Pursuant to a plea bargain, the second count was dismissed on motion of the State, and defendant pled guilty to the first count. Defendant was sentenced to imprisonment in the Penal and Correctional Complex for a term of 1 to 2 years. Defendant has appealed to this court, his sole assignment of error being that the sentence imposed is excessive, and that the trial court abused its discretion by not placing him on probation or as an alternative by not ordering confinement in the county jail rather than the penal complex. We affirm the sentence imposed by the District Court.

Defendant is 24 years old, has the equivalent of a high school education, has three young children, and is separated from his wife. The crime to which he pled guilty involved burglarizing a dwelling place when its occupants were not home, and removing a significant quantity of household goods.

Defendant contends that he is deserving of probation because the crime involved no violence, and was instigated by a young woman who advised the defendant that the dwelling was an easy mark for burglary; because the crime was motivated by financial need; because defendant's work record shows a willingness to be employed at honest labor;

and because he presently is caring for his children. We find these arguments unpersuasive.

In 1972 the defendant was convicted of burglary in California, and was sentenced to imprisonment in the county jail for a period of 45 days, and placed on probation for a period of 2 years. The defendant escaped from the county jail, and was subsequently convicted of escape. He was again sentenced to a short period of confinement in the county jail, and placed on probation. Several months later he was convicted of theft, and placed on probation. He violated the conditions of probation, and was again confined in the county jail for a short period of time. Defendant apparently leads an unstable existence, as is evidenced by the fact that he has changed jobs approximately 17 times in the last 7 years. He frequently indulges in alcohol and drugs, which led to a separation from his wife. Defendant is presently responsible for his children because his wife is traveling, but he does not have permanent custody of them.

It is clear from defendant's prior record that on at least two recent occasions he has been given an opportunity to prove himself while on probation after committing crimes similar to the one herein, but has failed to do so. Short terms of confinement and probation have not worked as a deterrent or a mode of rehabilitation insofar as the defendant is concerned. This court will not overturn an order of the trial court which denies probation absent an abuse of discretion on the part of the trial court. State v. Purviance, 194 Neb. 541, 233 N. W. 2d 788 (1975). Under the circumstances of this case, it was clearly not an abuse of discretion to sentence the defendant to confinement in the penal complex. The sentence imposed was a minimal one under section 28-532, R. R. S. 1943, which provides that a person guilty of burglary may be imprisoned in the penal complex not more than 10 years nor less than 1 year; or in the

county jail for a period not exceeding 6 months.  The trial court did not abuse its discretion in imposing the sentence, and therefore the judgment is affirmed.  State v. Tweedy, 196 Neb. 253, 242 N. W. 2d 631 (1976).

AFFIRMED.